```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
JIE ZHANG a/k/a JIMMY ZHANG, XIU
QIN LIN, RU HAO LIU a/k/a JASON
LIU, HSIA SHENG CHENG, CHIEN WEN
HSIEH a/k/a KEVIN HSIEH, on behalf
of themselves and others similarly
situated,

                    Plaintiffs,         MEMORANDUM & ORDER
                                        14-CV-1647(JS)(SIL)
        -against-

WEN MEI INC. d/b/a HUNAN DYNASTY,
HUNAN DYNASTY AT LEVITTOWN, INC.
d/b/a HUNAN DYNASTY, and XIANG
RONG CHEN a/k/a KEVIN CHEN,

                    Defendants.
----------------------------------------X
APPEARANCES
For Plaintiffs:     John Troy, Esq.
                    Troy & Associates, PLLC
                    41-25 Kissena Blvd., Suite 119
                    Flushing, NY 11355

For Defendants:     Ying Liu, Esq.
                    Liu & Shields LLP
                    41-60 Main Street, Suite 208A
                    Flushing, NY 11355
```

SEYBERT, District Judge:

Currently pending before the Court is: (1) defendants Wen Mei Inc., d/b/a Hunan Dynasty; Hunan Dynasty at Levittown, Inc., d/b/a Hunan Dynasty; and Xiang ("Kevin") Rong Chen's (collectively "Defendants") motion to dismiss the Complaint, and (2) plaintiffs Jie Zhang a/k/a Jimmy Zhang, Xiu Qin Lin, Ru Hao Liu a/k/a Jason Liu, Hsia Sheng Cheng, and Chien Wen Hsieh a/k/a Kevin Hsieh's (collectively "Plaintiffs") cross-motion to amend

the Complaint[1]. For the following reasons, Defendants' motion to dismiss is GRANTED IN PART and DENIED IN PART and Plaintiffs' motion to amend is GRANTED.

BACKGROUND[2]

Plaintiffs commenced this putative collective and class action on March 12, 2014 against Defendants pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. ("FLSA"); the New York Minimum Wage Act, N.Y. Stat. § 650 et seq.; and New York Labor Law ("NYLL").

Plaintiffs are former employees of Defendants who worked as waiters and a "non-tipped packer assistant" at Hunan Dynasty restaurant during various periods. (Compl. ¶¶ 8-15.) Plaintiffs allege that they were paid "a cash payment of $400 every semi-month, regardless of hours worked." (Compl. ¶ 7.) According to Plaintiffs, they regularly worked in excess of forty hours per week, but did not receive overtime compensation or spread-of-hours pay. (Compl. ¶¶ 35-37, 41, 46.) Plaintiffs also claim that Defendants "willfully failed to keep records required by the FLSA" and "did not provide Plaintiffs and the

---

[1] Although Plaintiffs docketed their submission solely as an opposition to Defendants' motion, the Court has deemed it a cross-motion to amend.

[2] The following facts are taken from Plaintiff's Complaint and are presumed to be true for purposes of Defendants' motion pursuant to Rule 12(b)(6).

2

members of the Class with the notices required by N.Y. Lab. Law § 195."  (Compl. ¶¶ 36, 49.)

## DISCUSSION

Defendants now move to dismiss for lack of subject matter jurisdiction and failure to state a claim.  Plaintiffs have cross-moved to amend the Complaint.  The Court will first address the applicable legal standards before turning to Defendants' motion and Plaintiffs' cross-motion more specifically.

I. Legal Standards

   A. Rule 12(b)(1) Standard

"A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it." Makarova v. United States, 201 F.3d 110, 113 (2d Cir. 2000).  In resolving a motion to dismiss for lack of subject matter jurisdiction, the Court may consider affidavits and other materials beyond the pleadings to resolve jurisdictional questions.  See Morrison v. Nat'l Australia Bank, Ltd., 547 F.3d 167, 170 (2d Cir. 2008).  The Court must accept as true the factual allegations contained in the complaint, but it will not draw argumentative inferences in favor of Plaintiffs because subject matter jurisdiction must be shown affirmatively.  See id.; Atlanta Mut. Ins. Co. v. Balfour Maclaine Int'l Ltd., 968

3

F.2d 196, 198 (2d Cir. 1992); Shipping Fin. Servs. Corp. v. Drakos, 140 F.3d 129, 131 (2d Cir. 1998). "A plaintiff asserting subject matter jurisdiction has the burden of proving by a preponderance of the evidence that it exists." Makarova, 201 F.3d at 113.

B. Rule 12(b)(6) Standard

In deciding Rule 12(b)(6) motions to dismiss, the Court applies a "plausibility standard," which is guided by "[t]wo working principles." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009); accord Harris v. Mills, 572 F.3d 66, 71-72 (2d Cir. 2009). First, although the Court must accept all allegations as true, this "tenet" is "inapplicable to legal conclusions;" thus, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678; accord Harris, 572 F.3d at 72. Second, only complaints that state a "plausible claim for relief" can survive a Rule 12(b)(6) motion to dismiss. Iqbal, 556 U.S. at 679. Determining whether a complaint does so is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id.; accord Harris, 572 F.3d at 72.

C. Rule 15 Standard

Courts should grant leave to amend "when justice so requires." FED. R. CIV. P. 15(a)(2). Leave to amend should be

4

granted unless there is evidence of undue delay, bad faith, undue prejudice to the non-movant, or futility. See Milanese v. Rust-Oleum Corp., 244 F.3d 104, 110 (2d Cir. 2001). To determine whether an amended claim is futile, courts analyze whether the proposed pleading would withstand a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). See Dougherty v. Town of N. Hempstead Bd. of Zoning Appeal, 282 F.3d 83, 88 (2d Cir. 2002).

II. Subject Matter Jurisdiction

Defendants move to dismiss the Complaint, asserting that Plaintiffs allege only that Defendants had an annual gross volume of sales in excess of $500,000, but do not allege other jurisdictional requirements pursuant to the FLSA. In response, Plaintiffs have filed a cross-motion to amend the Complaint, seeking to add particular allegations. The Court disagrees with Defendants that this is a jurisdictional issue.

The FLSA provides coverage for "employees who in any workweek [are] engaged in commerce or in the production of goods for commerce, or [are] employed in an enterprise engaged in commerce or the production of goods for commerce." 29 U.S.C. § 207(a)(1). Thus, an employer is only subject to the FLSA's provisions if either: (1) its employees are "engaged in commerce" (known as "individual coverage") or (2) the employer is an "enterprise engaged in commerce" (known as "enterprise

5

coverage"). Id. and § 207(a)(2); see also Padilla v. Manlapaz, 643 F. Supp. 2d 298, 299-300 (E.D.N.Y. 2009). Here, it appears that Plaintiffs are attempting to plead enterprise coverage.

Enterprise coverage under the FLSA applies if the employer:

> (i) has employees engaged in commerce[3] or in the production of goods for commerce, or that has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person; and
>
> (ii) is an enterprise whose annual gross volume of sales made or business done is not less than $500,000.

29 U.S.C. § 203(s)(1)(A). Defendants do not dispute that Plaintiffs have alleged $500,000 in annual gross volume of sales. Rather, they argue that Plaintiffs have not sufficiently alleged the first prong of enterprise coverage. In fact, Defendants further assert a "factual" challenge, relying upon the declaration of defendant Xiang Rong Chen, to demonstrate that no employees engaged in interstate commerce or in the production of goods for interstate commerce and did not handle,

---

[3] "Commerce" is defined as "trade, commerce, transportation, transmission, or communication among the several States or between any State and any place outside thereof." 29 U.S.C. § 203(b).

6

sell, or work on goods or materials moved in or produced for commerce. (See Defs.' Br. to Dismiss, Docket Entry 10, at 10[4].)

Notwithstanding Defendants' arguments, however, Plaintiffs' purported failure does not deprive this Court of subject matter jurisdiction. See Jia Hu Qian v. Siew Foong Hui, No. 11-CV-5584, 2012 WL 1948820, at *2 (S.D.N.Y. May 30, 2012); Velez v. Vassallo, 203 F. Supp. 2d 312, 332 (S.D.N.Y. 2002). Rather, enterprise coverage is an element of an FLSA claim. See Jian Long Li v. Li Qin Zhao, --- F. Supp. 2d ----, 2014 WL 3887860, at *3 (E.D.N.Y. Aug. 8, 2014); Velez, 203 F. Supp. 2d at 332.

Accordingly, to the extent that Defendants' motion seeks dismissal for lack of subject matter jurisdiction, it is DENIED. Likewise, to the extent that Defendants assert that this Court should decline supplemental jurisdiction over the state law claims because the Court lacks jurisdiction, this is also DENIED.

III. Failure to State a Claim

Defendants raise the same arguments regarding lack of enterprise coverage under the rubric of failure to state a claim. The Court agrees that the original Complaint--which essentially alleges only annual gross volume sales (Compl. ¶ 5)-

---

[4] The page numbers for Defs.' Br. to Dismiss refer to those provided by the Electronic Case Filing System.

7

-is insufficient. The original Complaint is wholly deficient of any allegations regarding interstate commerce. Accordingly, Defendants' motion to dismiss in this regard is GRANTED.

However, Plaintiffs' opposition also includes a Proposed Amended Complaint ("PAC," Docket Entry 11-1) which alleges, inter alia, that defendant Wen Mei, Inc. "has had employees engaged in commerce or in the production of goods for commerce, and handle, sell or otherwise work on goods or material that have been moved in or produced for commerce by any person . . . ." (PAC ¶ 5.) Notably, the PAC does not contain any additional factual allegations in this regard.[5]

Nonetheless, the Court can infer from the nature of the business that Defendants have employees who engage in handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce. See Klimchak v. Cardrona, Inc., No. 09-CV-4311, 2014 WL 3778964, at *5 (E.D.N.Y. July 31, 2014) ("[S]everal courts in this district have inferred FLSA enterprise coverage based on the nature of the defendant employer's business, notwithstanding similar pleading deficiencies." (collecting cases)); Gomez v. El Rancho

---

[5] Oddly, Plaintiffs provide a declaration from plaintiff Xiu Qin Lin asserting that she served and handled goods that moved in interstate commerce, including chopsticks, soy sauce, wasabi, fish, thai rice, and imported beers. (Lin Decl., Pls.' Opp. Br., Docket Entry 11, Ex. B ¶¶ 7-10.) It is unclear why Plaintiffs did not include such factual allegations in their PAC.

8

de Andres Carne de Tres Inc., No. 12-CV-1264, 2014 WL 1310296, at *3 (E.D.N.Y. Mar. 11, 2014) (inferring that defendants engaged in interstate commerce where the plaintiff alleged "that the defendants operated a restaurant, Andres Carne, which served Columbian cuisine and made gross sales of at least $500,000"), adopted by 2014 WL 1310299 (E.D.N.Y. Mar. 31, 2014); but see Gunawan v. Sake Sushi Rest., 897 F. Supp. 2d 76, 85-86 (E.D.N.Y. 2012) (declining to infer interstate commerce from a general description of the business).  Where, as here, employees handle foods and cooking materials, there is enough to show the first prong of enterprise coverage, despite Defendants' assertion that Plaintiffs' contact with such goods was only "incidental." (Defs.' Reply Br., Docket Entry 12, at 2-6[6].)  See Rodriguez v. Almighty Cleaning, Inc., 784 F. Supp. 2d 114, 121 (E.D.N.Y. 2011) ("Because even local business activities fall within the reach of the FLSA when an enterprise employs workers who handle goods or materials that have moved or been produced in interstate commerce, the test is met if Plaintiffs merely handled supplies or equipment that originated out-of-state." (internal quotation marks and citation omitted)).  This is especially so given Plaintiffs' allegations regarding annual gross volume of sales, which Defendants do not dispute.  See

---

[6] As Defendants did not provide pagination for their reply brief, the Court refers to the page numbers provided by the Electronic Case Filing System.

9

Shim v. Millennium Grp., No. 08-CV-4022, 2009 WL 211367, at *3 (E.D.N.Y. Jan. 28, 2009) ("[W]hile plaintiffs' complaint does not explicitly allege that the corporate defendants are an enterprise engaged in interstate commerce, courts have noted that 'virtually every enterprise in the nation doing the requisite dollar volume of business is covered by the FLSA.'" (quoting Archie v. Grand Cent. P'ship, Inc., 997 F. Supp. 504, 530 (S.D.N.Y. 1998) (emphasis omitted)).

      Accordingly, Plaintiffs' proposed amendments would not be futile and are sufficient--albeit ever-so-slightly--to allege enterprise coverage pursuant to the FLSA.  As such, Plaintiffs' cross-motion to amend is GRANTED.

[BOTTOM OF PAGE INTENTIONALLY LEFT BLANK]

CONCLUSION

Defendants' motion to dismiss is GRANTED IN PART and DENIED IN PART. It is DENIED insofar as Defendants assert that the Court lacks subject matter jurisdiction or that the Court should decline supplemental jurisdiction, but GRANTED insofar as Defendants assert a failure to state a claim. In addition, however, Plaintiffs' cross-motion to amend is also GRANTED. The Clerk of the Court is directed to docket the PAC at Docket Entry 11-1 as the Amended Complaint.

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated:   October   27  , 2014
         Central Islip, New York

11