# TROY LAW, PLLC
## ATTORNEYS/COUNSELORS AT LAW

Tel: 718.762.1324   johntroy@troypllc.com   Fax: 718.762.1342
41-25 Kissena Blvd., Suite 119, Flushing, New York 11355

June 10, 2015

**VIA ECF**

The Honorable Judge Steven I. Locke
United States Magistrate Judge
United States District Court
Eastern District of New York
100 Federal Building
Central Islip, NY 11201

> Re: Letter Motion Requesting Extension to Complete Limited Expedited Discovery
> ***Zhang et al*. v. *Wen Mei Inc*. et al., 14-cv-01647 (JS)(SIL)***

Dear Hon. Judge Locke:

     We represent the Plaintiffs in the above-mentioned action. We write to the Court to respectfully request an extension to complete limited expedited discovery. Due to matters outside of Plaintiffs' control, Plaintiffs seek (1) an extension to expedited discovery pursuant Judge Seybert's order and (2) an extension of the temporary restraining order enjoining Defendants from selling or encumbering the business located on 2993 Hempstead Turnpike, Levittown, NY 11756.

     By way of background, Plaintiffs brought this action against Defendants for violations of the Fair Labor Standards Act ("FLSA") and New York State Labor Laws. Pursuant to Judge Seybert's May 12, 2015 Order, both parties were ordered to engage in expedited discovery to determine whether Defendants are seeking to dispose of assets to avoid paying a judgment in this case. Expedited discovery for this issue is set to expire on June 12, 2015.

<u>Plaintiffs Request for Production of Documents for Expedited Discovery</u>

     On June 1, 2015, Plaintiffs emailed Defendants' (Wen Mei Inc., Cindy Chen, Hunan Dynasty at Levittown d/b/a Hunan Dynasty, and Xiang Rong Chen a/k/a Kevin Chen) counsels, Ms. Carolyn Shields and Ms. Ying Liu, a request for document production. Plaintiffs did not receive a response from Defendants' counsels. On June 8, 2015, Plaintiffs again reached out to Ms. Shields and Ms. Liu requesting for the production of documents. Ms. Shields responded with "[o]ur client is gathering responsive materials. We will respond before Friday."

     Plaintiffs still have not received documents that were requested. Defendants have put Plaintiffs in a tough situation to receive and adequately review the requested documents in a very small timeframe. If the event Plaintiffs find Defendants' discovery responses deficient or

Case 2:14-cv-01647-JS-SIL   Document 77   Filed 06/10/15   Page 2 of 4 PageID #: 639

Hon. Steven. I Locke
June 10, 2015
**2** | P a g e

incomprehensive, Plaintiffs will be disadvantaged to respond or request for supplemental documents. Accordingly, Plaintiffs will be prejudiced due to Defendants' delay in producing expedited discovery documents.

<u>Non-Party Subpoenas</u>

1. *Wen Mei, Inc's Accountant*

Plaintiffs are having trouble obtaining documents necessary to prove Defendants are seeking to dispose of assets to avoid paying a judgment. First, Plaintiffs submitted proposed subpoenas to Judge Seybert on May 22, 2015. It was not until June 1, 2015, that the Court denied Plaintiffs' request to have the additional non-party subpoenas "So Ordered" by Judge Seybert. Judge Seybert then directed parties to submit any additional requests relating to discovery to Your Honor.

Plaintiffs served a nonparty subpoena to Miu and Co, instructing Louis Miu, owner of Miu and Co. and Certified Public Accountant of Wen Mei Inc to attend a June 3, 2015 deposition and to produce Plaintiffs' requested documents by that date. On that same day, our office received a fax from Louis Miu, informing our office that he is scheduled to be away from his office starting May 30, 2015 until "mid-June." Mr. Liu added, "no document can be submitted and no deposition can be scheduled until at least one week after I return to the office."

Plaintiffs reminded Mr. Liu about the importance of complying with the subpoena. Plaintiffs also proposed offered Miu and Co. to produce the requested documents as an alternative to having to appear for the deposition.

Mr. Miu responded, "I will collect the documents as I can and get them to you before the closing of business day on June 12, 2015." Plaintiffs fear with that response, that there is no guarantee on behalf of Miu and Co. that the documents produced will be adequate. Moreover, the timing of the response is problematic since Plaintiffs will have no time to request for supplemental documents, if Plaintiffs find the document production to be deficient. To this date, Plaintiffs have not received documents from Miu and Co.

2. *Real Estate Broker*

Plaintiffs submitted a proposed non-party subpoena to have Defendants' Real Estate Broker, Century Homes Realty Group LLC, c/o Erez Daniel. The court denied the Plaintiffs' request to have the proposed subpoena, "So Ordered" on June 1, 2015. Since then Plaintiffs have attempted to serve Mr. Daniel. On June 3, 2015, Plaintiffs attempted serving the subpoena on Mr. Daniel but was told he is unavailable for the rest of that week and the following week due to appointments and training new associates.

3. *Transactional Attorney, Xian Feng "William" Zou*

Hon. Steven. I Locke
June 10, 2015
3 | P a g e

---

After submitting a subpoena to be "So Ordered," Plaintiffs were able to receive documents from Attorney Xian Feng "William" Zou on June 4, 2015. However, the documents produced by Mr. Zou were incomplete and did not comply with what Plaintiffs requested. Plaintiffs reached out to Mr. Zou twice, but did not hear back until today. Mr. Zou responded "[l]et me look over my records again." As the transactional attorney, Mr. Zou may have vital information that can assist in the determination whether Defendants are seeking to dispose of assets to avoid paying a judgment in this case.

<u>New Defendants – Cai Fen Chen, Cindy Chen, and Fenny Japanese and Chinese Restaurant</u>

In Judge Seybert's May 12, 2015 order, the court granted Plaintiffs' motion for leave to file a Second Amended Complaint. On that same day, Plaintiffs submitted the second amended complaint adding Cai Fen Chen, Cindy Chen, and Fenny Japanese and Chinese Restaurant, Inc. as Defendants to the action. The next day, May 13th 2015, Summons were issued to three new defendants.

On May 20, 3015, the Summons were returned executed from Cai Fen Chen, Cindy Chen, and Fenny Japanese and Chinese Restaurant, Inc, giving new defendants until June 8, 2015 to answer. According to Defendants' counsel, William Yeung, Cai Fen Chen and Fenny Japanese and Chinese Restaurant Inc. retained Mr. Yeung, on June 5, 2015. Mr. Yeung filed for a notice of appearance on June 8, 2015. On June 9, 2015, Defendants were afforded a twenty (20) day extension by your Honor to Answer Plaintiffs' Second Amended Complaint.

Plaintiffs were hoping to receive more information from the newly added Defendants through reviewing their Answer. As a result of the extension, Plaintiffs will not have the opportunity to review Cai Fen Chen and Fenny Japanese and Chinese Restaurant, Inc's Answer before expedited discovery ends. The opportunity in expedited discovery to request more documents regarding the issue at hand will be lost.

For aforementioned reasons, Plaintiffs respectfully request this court to extend expedited discovery for all parties to engage in. Further, Plaintiffs request that the Court extend the temporary restraining order enjoining Defendants from selling or encumbering the business located on 2993 Hempstead Turnpike, Levittown, NY 11756. We thank the Court for its time and consideration.

Respectfully submitted,

TROY LAW, PLLC

By:___/s John Troy_____
John Troy, Esq.
46-25 Kissena Boulevard, Suite 119

Hon. Steven. I Locke
June 10, 2015
**4** | P a g e

---

    Flushing, New York 11355
    Tel: (718) 762-1324
    Fax: (718) 762-1342
    Email: johntroy@troypllc.com
    *Attorney for Plaintiffs*


CC:     Ying Liu, via ECF
    Carolyn Shields via ECF
    *Attorney for Defendants,*
    *Wen Mei Inc., Hunan Dynasty at Levittown d/b/a Hunan Dynasty,*
    *Xiang Rong Chen a/k/a Kevin Chen, and*
    *Cindy Chen*

    *William Yeung* via ECF
    *Attorney for Defendants,*
    *Cai Fen Chen and*
    *Fenny Japanese and Chinese Restaurant, Inc*