```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
JIE ZHANG a/k/a JIMMY ZHANG,
RU HAO LIU a/k/a JASON LIU, XIU QIN LIN,
HSIA SHEN CHENG, and CHEIN WEN            AMENDED
HSEIH a/k/a KEVIN HSIEH, on behalf of     MEMORANDUM & ORDER¹
themselves and all others similarly situated,   CV14-1647 (JS) (SIL)

                         Plaintiffs,

         -against-

WEN MEI, INC. d/b/a HUNAN DYNASTY,
HUNAN DYNASTY AT LEVITTOWN, INC.
d/b/a HUNAN DYNASTY FENNY JAPANESE
AND CHINESE RESTAURANT d/b/a HUNAN
DYNASTY, XIANG RONG CHEN a/k/a KEVIN
CHEN, CAI FEN CHEN, and CINDY CHEN,

                         Defendants.
----------------------------------------------------------X
```

**STEVEN I. LOCKE, Magistrate Judge:**

Plaintiffs Jie Zhang a/k/a Jimmy Zhang, Ru Hao Liu a/k/a Jason Liu, Xiu Qin Lin, Hsia Sheng Cheng, and Chein Wen Hseih a/k/a Kevin Hsieh ("Plaintiffs") bring this action on behalf of themselves and all similarly situated persons seeking unpaid overtime compensation from Defendants Wen Mei, Inc. d/b/a Hunan Dynasty ("Wen Mei"), Hunan Dynasty at Levittown, Inc. d/b/a Hunan Dynasty ("Hunan Dynasty at Levittown"), Fenny Japanese and Chinese Restaurant Inc. d/b/a Hunan Dynasty ("Fenny Restaurant"), Xiang Rong Chen a/k/a Kevin Chen ("Kevin Chen"), Cai Fen Chen, and Cindy Chen (collectively, "Defendants"), pursuant to the Fair Labor Standards Act of 1938 ("FLSA" or the "Act"), as amended, 29 U.S.C. §§ 201 *et seq.* and New York Labor Law ("NYLL").

---

¹This Amended Memorandum and Order replaces the Memorandum and Order dated September 30, 2015 and docketed as entry [96], which is hereby VACATED.

Currently before the Court on referral for decision from United States District Judge Joanna Seybert is Plaintiffs' motion for conditional certification as a collective action and for notice of pendency to potential collective action members pursuant to 29 U.S.C. § 216(b). Docket Entry ("DE") [26]. The motion seeks an order: (1) conditionally certifying this matter as an FLSA collective action; (2) requiring Defendants to provide the names and last known mailing addresses, telephone numbers, email addresses, social security numbers, work locations and dates of employment for all of Defendants' non-managerial employees who worked between March 25, 2012[2] and the date of decision on this motion; (3) authorizing Plaintiffs to send notice of this action to the putative collective action members; (4) authorizing equitable tolling of the statute of limitations pending expiration of the opt-in period; and (5) ordering Defendants to post the approved Proposed Notice in conspicuous locations where the putative collective action members worked or are now working. DE [24]. For the reasons and to the extent set forth below, the motion is granted.

**I. BACKGROUND**

At the time the motion for conditional certification was filed, the operative complaint was the Amended Complaint dated October 27, 2014. *See* DE [15]. Subsequent to the filing of the motion, Plaintiffs were given permission to file a Second Amended Complaint ("SAC"), which they did on May 12, 2015. *See* DE [55]. The SAC added Defendants Fenny Restaurant, Cai Fen Chen, and Cindy Chen (the "New Defendants"), but did not substantially alter the allegations regarding Plaintiffs' claims. Accordingly, the facts set forth below are taken from the SAC and from Plaintiffs' Affidavits in support of their motion. *See* Affidavits of Jie Zhang ("Zhang Aff."), DE [26-

---

[2]The original motion used the date March 12, 2011, three years prior to filing of the complaint. Plaintiffs revised this date, however, after belatedly filing Consent to Become Party Plaintiff forms on March 25, 2015.

3], Ru Hao Liu ("Liu Aff."), DE [26-4], Xiu Qin Lin ("Lin Aff."), DE [26-5], Hsia Sheng Cheng ("Cheng Aff."), DE [26-6], and Chien Wen Hsieh ("Hsieh Aff."), DE [26-7].

**A. Facts**

Plaintiffs were all employees of a restaurant operated at 2993 Hempstead Turnpike, Levittown, New York ("Hunan Dynasty" or "the Restaurant"). Defendants comprise various corporate entities and individuals. The three corporate entities, Wen Mei, Hunan Dynasty at Levittown, and Fenny Restaurant, are all named as "doing business as" Hunan Dynasty at the Levittown location. Defendant Kevin Chen allegedly "serves as owner, operator, manager, principal and/or agent of the Defendant Corporations and through these corporate entities, operates the restaurant as joint or unified." SAC ¶ 15. Defendant Cai Fen Chen is Kevin Chen's wife, and Defendant Cindy Chen is Kevin Chen's sister. SAC ¶¶ 18-19. Plaintiffs claim that Kevin Chen "remains in control of the business, either individually or by sharing common control with [his wife] Cai Fen Chen and [his sister] Cindy Chen." *Id.* ¶ 20. Cai Fen Chen allegedly serves as owner, operator, principal and/or agent of Defendant Fenny Restaurant, SAC ¶ 16, and Cindy Chen is the "president, cashier, manager, principal and/or agent of [Defendant] Wen Mei." SAC ¶ 17. The liquor license at Hunan Dynasty is listed as held by Fenny Restaurant, which designates Cai Fen Chen as its principal. SAC ¶ 14. The SAC does not state whether Fenny Restaurant operates at another location or is merely the corporate owner of Hunan Dynasty.

Defendant Hunan Dynasty at Levittown operated the Restaurant from October 1, 2003 to August 15, 2012. SAC ¶¶ 4-5. The implication from the SAC is that Defendant Hunan Dynasty at Levittown ceased its operation of the restaurant on August 15, 2012, but that one or more of the other Defendants continued the business from that time to date. For example, the SAC alleges that Fenny

Restaurant was incorporated on May 30, 2014 with the same principal place of business, but there is no allegation that it is currently operating at that location. The Court notes, however, that the SAC was filed to add the New Defendants, and that Judge Seybert ordered expedited discovery specifically to determine the interrelatedness of the co-Defendants.

In any event, Plaintiffs allege that they were employed by Defendants at the Restaurant. Plaintiffs Lin, Cheng, and Hsieh worked as waiters, and Zhang worked as both a waiter and a temporary replacement waiter. SAC ¶¶ 21-22, 26-29. Plaintiff Liu worked as both a waiter and a non-tipped packer assistant. SAC ¶¶ 23-25. Plaintiffs' alleged periods of employment are as follows:

| **Plaintiff** | **Employment Period(s)** | **SAC ¶** | **Pl. Aff. ¶** |
|---|---|---|---|
| Zhang | May 2006 - May 2009; Feb. 1, 2011 - March 5, 2011; Oct. 3, 2012 - Apr. 15, 2013[3] | ¶¶ 21-22 | ¶¶ 4-5 |
| Liu | Oct. 2006 - Feb. 2007; Apr. 2007 - Oct. 2008; Oct. 2012 - Nov. 2012 | ¶¶ 23, 25 | ¶¶ 4-5 |
| Lin | Aug. 1, 2008 - Sept. 21, 2012 | ¶ 26 | ¶ 3 |
| Cheng | Jan. 1, 2007 - Dec. 31, 2012 | ¶ 28 | ¶ 3 |
| Hsieh | Apr. 1, 2012 - Apr. 15, 2012 | ¶ 29 | ¶ 3 |

Plaintiffs allege that they, and similarly situated employees, were not paid the legally required minimum wage, and were entitled to overtime pay at the statutory rate of one and one-half times the minimum wages for work in excess of forty hours per work week, which they were also not paid.

---

[3]Zhang's affidavit states the final employment period as October 3, 2012 to April 15, *2012.* Zhang Aff. ¶ 5. As this time period is illogical, the Court will treat it as a typographical error and use the time period set forth in the SAC.

SAC ¶¶ 31, 50-52. Plaintiffs claim that they each worked between 62 and 67 hours per week, but were only paid $400 per month in violation of the statutory regulations. Zhang Aff. ¶ 13 (63 hour weeks); Cheng Aff. ¶ 11 (62 hour weeks); Lin Aff. ¶ 11 (62 hour weeks); Liu Aff. ¶ 11 (67 hour weeks). Plaintiff Hsieh claims that he worked 63 hours per week for the two weeks he was employed at the Restaurant and was paid $400. Hsieh Aff. ¶ 11. Plaintiff Liu further alleges that while he was employed as a Food Packer, he worked 63 hours per week and was paid $60 per day. Liu Aff. ¶ 22.

Plaintiffs claim that Defendants' failure to pay the required minimum wage and overtime was willful and that they operated under a common policy and practice in this regard. SAC ¶¶ 51-52. The SAC also alleges that Defendants willfully failed to keep records as required by the FLSA. *Id.* ¶ 51. Cheng's and Zhang's affidavits add that based on their observations and personal knowledge, no employees at the Restaurant ever received any overtime pay. Cheng Aff. ¶ 12; Zhang Aff. ¶ 14. Accordingly, Plaintiffs assert FLSA claims for failure to pay minimum wage and overtime compensation on behalf of themselves and all similarly situated employees.[4]

## B. Procedural History

Although the Complaint and Amended Complaint were filed on March 12, 2014 and October 27, 2014, respectively, Plaintiffs did not file their "Consent to Become Party Plaintiff" forms until

---

[4] "To state a FLSA minimum wage claim, it is sufficient for a plaintiff to allege facts about his salary and working hours, such that a simple arithmetical calculation can be used to determine the amount owed per pay period." *Jimenez v. KLB Foods, Inc.*, No. 12 CIV. 6796, 2014 WL 2738533, at *3 (S.D.N.Y. June 17, 2014) (citing *Zhong v. August August Corp.*, 498 F. Supp. 2d 625, 629 (S.D.N.Y.2007)). The SAC clearly meets this burden. *See* SAC ¶¶ 21, 24, 27-29, 46. Accordingly, the Court finds that although Plaintiffs did not plead Defendants' failure to pay minimum wage as a separate count, the factual allegations in the SAC and the declarations "were sufficient to place Defendants on notice of their claims related to their alleged failure to pay the minimum wage under the FLSA." *Alonso v. Uncle Jack's Steakhouse, Inc.*, 648 F. Supp. 2d 484, 487 (S.D.N.Y. 2009).

March 25, 2015.  *See* Consent Forms, DE [29] - [33].  The SAC was filed after the motion for conditional certification was submitted.  In light of their new addition to the case, this Court *sua sponte* gave the New Defendants an opportunity to submit opposition to the motion.  Defendant Cindy Chen submitted a memorandum in opposition, *see* Defendant Cindy Chen's Memorandum of Law In Opposition ("Def. C. Chen Mem. In Opp.") DE [91], and Defendants Fenny Restaurant and Cai Fen Chen submitted a one-page memorandum adopting the opposition memoranda submitted by their co-Defendants.  *See* DE [92].  Plaintiffs submitted a further reply.  *See* DE [93].

**II. DISCUSSION**

**A. Conditional Certification of a Collective Action**

The FLSA provides a private right of action to recover unpaid overtime compensation and/or minimum wages.  *See* 29 U.S.C. §§ 206, 207, 216(b); *Bifulco v. Mortg. Zone, Inc.,* 262 F.R.D. 209, 212 (E.D.N.Y. 2009).   An action pursuant to section 216(b) may be brought as a collective action, that is, by "one or more employees for and in behalf of himself or themselves and other employees similarly situated." 29 U.S.C. § 216(b).  "Although the FLSA does not contain a class certification requirement, such orders are often referred to in terms of 'certifying a class.'" *Bifulco,* 262 F.R.D. at 212 (internal quotation and citations omitted).  Courts in the Second Circuit use a two-step approach to determine whether an FLSA collective action should be certified.  *See Myers v. Hertz Corp.,* 624 F.3d 537, 554-55 (2d Cir. 2010).  For the first step, also known as conditional certification, the court determines whether the proposed opt-in members are similarly situated to the named plaintiffs "with respect to whether a FLSA violation has occurred." *Myers,* 624 F.3d at 555.  If the plaintiffs meet this burden, the court conditionally certifies the class as a collective action, and potential members are notified and provided with the opportunity to opt-in to the action.

"At the second step, after discovery, the court will determine whether the plaintiffs who opted-in are indeed similarly situated to the named plaintiff; if they are not, the collective action may be decertified." *Bijoux v. Amerigroup New York, LLC*, No. 14-CV-3891, 2015 WL 5444944, at *2 (E.D.N.Y. Sept. 15, 2015); *see also Rubery v. Buth-Na-Bodhaige, Inc.,* 569 F. Supp. 2d 334, 336 n.1 (W.D.N.Y. 2008) (if discovery does not support the finding that plaintiffs are similarly situated, "the court will decertify the class, the claims of the opt-in plaintiffs will be dismissed without prejudice, and the class representatives may proceed to trial on their individual claims"). The current motion before the Court concerns only the first step – whether the proposed class members are similarly situated such that conditional certification should be granted.

"Because certification at this first early stage is preliminary and subject to reevaluation, the burden for demonstrating that potential plaintiffs are 'similarly situated' is very low." *Romero v. H.B. Auto. Grp., Inc.*, No. 11 Civ. 386, 2012 WL 1514810, at *9 (S.D.N.Y. May 1, 2012) (internal quotation and citation omitted). "This low burden is consistent with the broad remedial purpose of the FLSA." *Pippins v. KPMG LLP,* No. 11 Civ. 0377, 2012 WL 19379, at *6 (S.D.N.Y. Jan. 3 2012) (internal quotation and citation omitted). At this stage, "the court does not resolve factual disputes, decide substantive issues going to the ultimate merits, or make credibility determinations." *Rosario v. Valentine Ave. Discount Store, Co.,* 828 F. Supp. 2d 508, 514 (E.D.N.Y. 2011) (quoting *Lynch v. United Servs. Auto. Ass'n,* 491 F. Supp. 2d 357, 368 (S.D.N.Y. 2007)).

To succeed, Plaintiffs "need only make 'a modest factual showing sufficient to demonstrate that they and potential plaintiffs together were victims of a common policy or plan that violated the law.'" *Doucoure v. Matlyn Food, Inc.,* 554 F. Supp. 2d 369, 372 (E.D.N.Y. 2008) (quoting *Hoffmann v. Sbarro, Inc.*, 982 F. Supp. 249, 261 (S.D.N.Y. 1997)). The Court does not require proof of an

7

actual FLSA violation, "but rather that a 'factual nexus' exists between the plaintiff's situation and the situation of other potential plaintiffs." *Sobczak v. AWL Indus., Inc.,* 540 F. Supp. 2d 354, 362 (E.D.N.Y. 2007) (citing *Wraga v. Marble Lite, Inc.,* No. 05-CV-5038, 2006 WL 2443554, at *1 (E.D.N.Y. Aug. 22, 2006)). All prospective class members need not have the same duties to be similarly situated. Rather, the questions are whether "they were all similarly situated with *respect to being subject to the same policy* of being denied overtime compensation" and whether a factual nexus exists among them. *Cano v. Four M Food Corp.,* No. 08-CV-3005, 2009 WL 5710143, at *7 (E.D.N.Y. Feb. 3, 2009) (emphasis in original). The determination that the potential opt-in plaintiffs are similarly situated may be based on the pleadings as well as supporting affidavits or declarations submitted by Plaintiffs. *See Sharma v. Burberry Ltd.,* 52 F. Supp. 3d 443, 452 (E.D.N.Y. 2014); *Sexton v. Franklin First Fin., Ltd.*, No. 08-CV-4950, 2009 WL 1706535, at *3 (E.D.N.Y. Jun. 16, 2009).

Here, Plaintiffs propose potential opt-ins as all current and former restaurant workers, "chefs, waiters, delivery persons, kitchen workers, dish washers, and all other equivalent employees performing all other restaurant-related duties," at Hunan Dynasty, and exclude *inter alia* corporate officers, administrative employees, and "customarily exempt employees." Proposed Notice of Pendency, DE [26-9]. Defendants have not opposed the scope of the opt-in class. In addition to Plaintiffs' affidavits, Plaintiffs have provided an affidavit from non-party Yi Qi Dai who was employed at Hunan Dynasty as a busser and a waiter, most recently from May 2, 2010 through August 5, 2013. Affidavit of Yi Qi Dai, ¶¶ 5-6, DE [26-8]. Like Plaintiffs, he claims that he worked in excess of 40 hours per week, did not receive overtime pay, and received cash payment of $400 per month, "which is well below the minimum hourly wage." *Id.* ¶ 13. Plaintiffs Zhang and Cheng

8

state that, based on their observations and personal knowledge, no employees at the Restaurant ever received any overtime pay. Cheng Aff. ¶ 12; Zhang Aff. ¶ 14. Zhang further identifies additional employees who reportedly worked in excess of forty hours per week. Zhang Aff. ¶¶ 16-20.

Plaintiffs, through their pleadings and affidavits, have made the requisite showing of a pattern by Defendants of failing to make overtime payments as required under FLSA, and that Plaintiffs share a factual nexus with the potential opt-ins. The Court concludes that they have satisfied their minimal burden and have established that Plaintiffs and the putative collective members are similarly situated, and so conditional certification is appropriate. *See generally Fasanelli v. Heartland Brewery, Inc.,* 516 F. Supp. 2d 317, 322 (S.D.N.Y. 2007) (conditional class certification appropriate "where all putative class members are employees of the same restaurant enterprise").

## B. Statute of Limitations and Commencement of an FLSA Action

Defendants' objections to conditional certification relate to the statute of limitations for the FLSA claims. The statute of limitations period for claims of unpaid wages or unpaid overtime compensation under the FLSA is two years from the date the claim accrued, or three years from the accrual date if the violation of the Act was willful. 29 U.S.C. § 255(a). The Second Circuit has stated that "a violation is willful for purposes of the FLSA limitations provision only if the employer knowingly violates or shows reckless disregard for the provisions of the Act." *Brock v. Superior Care, Inc.,* 840 F.2d 1054, 1062 (2d Cir. 1988).

The act of filing a complaint does not, by itself, toll the statute of limitations, as the FLSA "requires an employee with a[n] FLSA claim to affirmatively opt-in to any collective action." *Sutherland v. Ernst & Young LLP,* 726 F.3d 290, 296 (2d Cir. 2013); *see also* 29 U.S.C. § 216 (b) ("No employee shall be a party plaintiff to any such action unless he gives his consent in writing to

9

become such a party and such consent is filed in the court in which such action is brought"). For all plaintiffs, including those named in the complaint, "'the statute of limitations period continues to run with respect to each potential plaintiff's collective action claim until that plaintiff files the written consent form,' and 'signed consents do not relate back to the original filing date of the complaint.'" *Thind v. Healthfirst Mgmt. Servs., LLC,* No. 14 Civ. 9539, 2015 WL 4554252, at * 3 (S.D.N.Y. July 29, 2015) (quoting *Lee v. ABC Carpet & Home,* 236 F.R.D. 193, 199 (S.D.N.Y. 2006)). Here, Plaintiffs filed their Consent Forms on March 25, 2015 and thus the statute of limitations has run on any claim of a non-willful violation prior to March 25, 2013 and any claim of a willful violation prior to March 25, 2012.

Based on the Plaintiffs' allegations, Defendants argue that they (Plaintiffs) are not similarly situated to the potential opt-in class members because any claims of non-willful violations asserted by Plaintiffs are time-barred. Thus, Defendants argue, these Plaintiffs are not adequate class representatives and collective certification should be denied on this basis. The Court need not resolve this issue, however, since "[c]ourts in this circuit have generally held that where willfulness is in dispute, a three year statute of limitations applies at the certification stage." *Alvarez v. IBM Rests. Inc.,* 839 F. Supp. 2d 580, 587-88 (E.D.N.Y. 2012) (citing *McBeth v. Gabrielli Truck Sales, Ltd.,* 768 F. Supp. 2d 396, 399 (E.D.N.Y. 2011) (citation omitted)); *see also Fasanelli,* 516 F. Supp. 2d at 323 (granting conditional certification using three-year period to "avoid any merit-based determinations at this time" but expressly noting possibility of future decertification); *Iglesias-Mendoza v. La Belle Farm, Inc.,* 239 F.R.D. 363, 369 (S.D.N.Y. 2007) ("[w]here willfulness is disputed, the court applies the three-year statute of limitations for purposes of certifying a representative action"). At the conditional certification stage, allegations of willful conduct are

sufficient to apply the three-year statute of limitations for purposes of certifying the class. *See Summa v. Hofstra Univ.,* 715 F. Supp. 2d 378, 388 (E.D.N.Y. 2010); *see also Francis v. A & E Stores, Inc.,* No. 06-CV-1638, 2008 WL 2588851, at *3 (S.D.N.Y. June 26, 2008) (noting that at the preliminary stage, "plaintiff's allegations of willful conduct . . . are sufficient to support defining the class based upon the three-year statute of limitations), *adopted as modified,* 2008 WL 4619858 (S.D.N.Y. Oct. 16, 2008). As the SAC contains allegations of willful conduct by Defendants, it is appropriate to apply the three-year statute of limitations under the FLSA at this stage of the proceedings. *See* SAC ¶¶ 51-52.

Having decided that the three-year statute of limitations period applies for the purposes of conditional certification, Defendants' argument regarding Plaintiffs' ability to represent the collective similarly fails. Should the evidence demonstrate, after discovery, that only claims of non-willful violations are viable, the issue of whether these Plaintiffs can represent the class can be addressed as part of any subsequent motion.

Defendant Cindy Chen further argues that any and all claims of potential opt-in plaintiffs against Hunan Dynasty are necessarily time-barred because they accrued more than three years ago. Ms. Chen claims that the last paycheck of any Hunan Dynasty employee "necessarily was issued no later than August 12, 2012, the date Hunan Dynasty at Levittown Inc. was dissolved." C. Chen. Mem. in Opp. at 3 (citing Declaration of Carolyn Shields ("Shields Decl."), ¶ 2 & Ex. A, DE [91-1]). In addition, she argues, Hunan Dynasty of Levittown assigned its lease to co-Defendant Wen Mei on April 3, 2012, an occurrence which she suggests acts as a type of final accrual date of claims against Hunan Dynasty. This argument also fails. As discussed above, Plaintiffs filed their opt-in notices on March 25, 2015 and thus any potential opt-in plaintiff alleging a willful violation on or

11

after March 25, 2012 may also have a viable claim. Moreover, the SAC names the co-Defendants as having continued doing business as Hunan Dynasty and essentially acting as the same enterprise, an allegation Ms. Chen does not address. Accordingly, this alternative argument is insufficient to defeat conditional certification.

### C. Plaintiff Zhang as Class Representative

Chen further argues that Plaintiff Zhang is an inadequate class representative because he died in July 2015. While clearly Zhang cannot proceed himself, Defendants have not presented any argument that his estate could not act on his behalf. For example, in a Rule 23 certification context, the executor of an estate stands in the shoes of the decedent and thus if the decedent would be a proper class representative, the executor of his estate would also be proper. *See, e.g., Kamerman v. Ockap Corp.,* 112 F.R.D. 195, 196 (S.D.N.Y. 1986); *see also In re Pharm. Indus. Average Wholesale Price Litig.,* 277 F.R.D. 52, 58 (D. Mass. 2011) (executors of estates of deceased plaintiffs found to be adequate class representatives in Rule 23 action). In any event, Plaintiffs correctly note that they have ninety days, or until October 18, 2015, to file a substitution for Zhang. *See* FED. R. CIV. P. 25. Accordingly, Defendants may renew their motion on this grounds after that deadline, if appropriate.

As Plaintiffs have met their minimal initial burden of showing that they are similarly situated to Defendants' other employees, conditional certification is appropriate and Plaintiffs may send notice to employees concerning opting in to this case.

**[Sections D&E revised; F is from original]**

### D. Notice of Pendency and Consent Form

Plaintiffs have provided a proposed Notice of Pendency for the Court's review and Defendants' counter proposal. *See* DE [97]. In light of the Court's ruling regarding Plaintiffs'

12

minimum wage claim, Plaintiffs' proposed Notice of Pendency and consent forms are approved. *See* DE [97-1], [97-2]. Plaintiffs' request for an Order directing Defendants to post the approved notice and consent forms in conspicuous locations where the putative collective action members worked or are now working is also granted. *See, e.g., Garcia v. Pancho Villa's of Huntington Vill., Inc.,* 678 F. Supp. 2d 89, 96 (E.D.N.Y. 2010) (approving request to post notice at workplace); *Malloy v. Richard Fleischman & Assocs. Inc.,* No. 09 Civ. 322, 2009 WL 1585979, at *4 (S.D.N.Y. June 3, 2009) (same). The Notice of Pendency and Consent to Join Lawsuit forms shall be mailed and posted no later than **November 16, 2015.**

### E.  Production of Contact Information

Plaintiffs further request production of contact information including alternate phone numbers, and addresses, last known email addresses, work locations, social security numbers, and dates of employment of all the Defendants' former and current non-managerial employees. Defendants again have not addressed this request. Generally it is appropriate for courts in collective actions to order discovery of contact information for potential collective members. Indeed, "[c]ourts within this Circuit routinely grant plaintiffs' motions to compel production of the names and addresses of potentially similarly situated employees who may wish to 'opt-in' to a collective action." *Anglada v. Linens 'N Things, Inc.,* No. 06 Civ. 12901, 2007 WL 1552511, at *7 (S.D.N.Y. May 29, 2007) (collecting cases). Courts are, however, "reluctant to authorize the disclosure of private information, such as social security numbers, without good cause." *Chen v. Oceanica Chinese Rest., Inc.,* No. 13-CV-4623, 2014 WL 1338315, at *8 (E.D.N.Y. Apr. 2, 2014). As Plaintiffs have not established a particularized need for social security numbers, they need not be produced at this time. Accordingly, Plaintiffs' request is granted to the extent that Defendants shall

provide them with a list of the names and addresses, phone numbers, last known email addresses, work locations, and dates of employment of all non-exempt employees employed at the restaurant located at 2993 Hempstead Turnpike, Levittown, New York, from March 25, 2012 to present.[5]

**F. Equitable Tolling**

Finally, Plaintiffs seek equitable tolling of the statute of limitations for the opt-in plaintiffs. The Court has the discretion to equitably toll the limitations period, where appropriate. For example, "[t]he delay caused by the time required for a court to rule on a motion, such as one for certification of a collective action in a FLSA case, may be deemed an 'extraordinary circumstance' justifying application of the equitable tolling doctrine." *Yahraes v. Restaurant Assocs. Events Corp.,* No. 10-CV-935, 2011 WL 844963, at *1 (E.D.N.Y. Mar. 8, 2011) (citations omitted); *see also McGlone v. Contract Callers, Inc.,* 867 F. Supp. 2d 438, 445 (S.D.N.Y. 2012) (class representatives should "not be penalized due to the courts' heavy dockets and understandable delays in rulings"). The Court finds that equitable tolling is appropriate. While generally, courts applying the equitable tolling doctrine in the FLSA context will toll the statute of limitations as of the date of the filing of the motion for conditional certification, in this case the more appropriate date is the subsequent date of filing of Plaintiffs' Consent Forms. Accordingly, the statue of limitations is tolled as of the date of that filing, March 25, 2015, until the date of this Memorandum and Order.

**III. CONCLUSION**

For the foregoing reasons, Plaintiffs' motion for conditional certification as an FLSA

---

[5]The Memorandum and Order of September 30, 2015, vacated by this Amended Memorandum and Order, directed that the list be produced by October 21, 2015. Defendants have presumably complied with that deadline and thus it need not be reset here. The parties are reminded, however, that the list shall be treated by the parties as confidential.

collective action is granted.  The Notice of Pendency and Consent to Join Lawsuit forms shall be mailed no later than **November 16, 2015.**  Copies shall be posted at the Restaurant at the time of mailing.

Dated: Central Islip, New York         **SO ORDERED:**
       October 23, 2015

                                         /s/ Steven I. Locke
                                        STEVEN I. LOCKE
                                        United States Magistrate Judge