# TROY LAW, PLLC

ATTORNEYS / COUNSELORS AT LAW

Tel: 718 762 1324   johntroy@troypllc.com   Fax: 718 762 1342

41-25 Kissena Blvd., Suite 119, Flushing, New York 11355

September 23, 2016

**VIA ECF**
Honorable Joanna Seybert U.S.D.J
United States District Court
Eastern District of New York
100 Federal Building
Central Islip, NY 11722-9014

      RE:   **Plaintiffs' Letter Motion for Leave to File a Late Consent to Join**
               *Jie Zhang et al v. Wen Mei, Inc., d/b/a Hunan Dynasty et al 14-cv-164701*

Dear Hon. Judge Seybert:

      This firm represents Plaintiffs in this action. We respectfully request for leave allowing plaintiffs to leave to file late consent to join Peifeng Hua as a plaintiff. *See* Exhibit. 1.

## I.   BACKGROUND

      This action, filed on March 12, 2014, alleges violations of the Fair Labor Standards Act (FLSA), New York Labor Law (NYLL), as well as violations of New York Codes, Rules and Regulations (NYCRR) on behalf of the named Plaintiffs, and the Prospective Plaintiffs.

      Defendants operate, or operated, a restaurant named the Hunan Dynasty.  Plaintiffs were employed by Defendants. Plaintiffs and other Prospective Plaintiffs that were hired by the Defendants to work in their restaurant suffered from Defendants' policies of failing to provide proper minimum wage compensation, overtime compensation, spread of hours compensation, notice of wages and record keeping in violation of the FLSA and NYLL.

      On September 30, 2015, this Court granted a conditional collective certification under 29 U.S.C. § 216(b). *See* Docket No.96. And on October 23, 2015, this Court approved the notice of pendency. *See* Docket No. 102.

      The Opt-in period for a prospective client to join was over on February 15, 2016. On September 19, 2016 a prospective plaintiff, Peifeng Hua, came to the office to sign the consent to joind form. *See* Exhibit "1". Mr. Hua was employed as a busboy by defendants from on or about February 4, 2013 to August 31, 2013. During his time of employment at defendants' restaurant, Mr. Hua worked for eleven (11) hours per a day six days (6) per week. He had no fixed meal break. He was paid eight hundred fifty dollars ($800) in addition to tips monthly in cash.

## II.  ARGUMENT

The FLSA provides the procedure for potential plaintiffs to opt-in to a collective action but does not specify when the potential plaintiff must opt in. *See* 29 U.S.C. 216(b), 255, 256. Consequently, deadlines to opt-in are established by the trial court. The FLSA also does not "provide a standard under which a court should consider whether to include opt-in plaintiffs whose consent forms are filed after the court-imposed deadline has passed. *Ruggels v. Wellpoint, Inc.*, 687 F.Supp.2d 30, 37 (N.D.N.Y. 2009)

Although the case law on this issue is wide-ranging, courts have generally decided the question by balancing various combinations of the following factors: (1) whether 'good cause' exists for the late submissions; (2) prejudice to the defendant; (3) how long after the deadline passed the consent forms were filed; (4) judicial economy; and (5) the remedial purposes of the FLSA. *Id.* (Citing *Ayers v. SGS Control Servs., Inc.*, 2007 WL 3171342, AT *4-5 (S.D.N.Y. Oct.9, 2007) (requiring that late opt-in plaintiffs show good cause for their untimely consent filings).

### A. 'GOOD CAUSE EXIST' AS DEFENDANTS PROVIDEED DEFICIENT EMPLOYEE-LIST AND PERMITTING PROSPECTICE PLAINTIFF TO OPT IN.

Pursuant to Your Honor's order, Defendants provided plaintiffs with the employee list of the Covered Employees. See Exhibit. "2". However, the contact information provided to plaintiff was deficient as defendants failed to provide full and accurate list of prospective plaintiffs. Because Mr. Hua was not listed in the employee list provided by Defendants, Mr. Hua had no chance to know about this lawsuit. Accordingly, there is a good cause to allow Mr. Hua's late file of the consent to join and allow additional time for other prospective plaintiffs to file consent to join forms.

### B. ALLOWING LATE OPT-IN WILL NOT PREJUDICE THE DEFENDNATS.

Because there is still an ongoing litigation regarding this case, and the Court has not reached the judgment in merit in this case, allowing new plaintiffs with almost identical common operative facts and laws, will not prejudice the defendants in this case.

### C. NOT ALLOWING MR. HUA TO JOIN AS A PROSPECTIVE PLAINTIFF WILL WASTE JUDICIAL ECONOMY.

In terms of judicial economy, were the Court to deny the admission of Mr. Hua would still be able to file separate claims for relief against Defendant, who would still face the prospect of defending against their individual FLSA claims. *Ruggles*, 687 F.2d at 37 (citing 29 U.S.C. 256 (b)) Indeed, Plaintiffs suggest that they would file separate actions and then request consolidation with the instant action. (the untimely plaintiffs "only option will be to file identical, individual claims

with the Court" and this Court would be permitted to consolidate those the individual lawsuits under Fed.R.Civ.P. 42(a) ("because the cases will involve all 'involve a common question of law or fact'"). Obviously, there is little economy in spawning identical FLSA lawsuit that themselves might be properly joined with this lawsuit in the future.

Considering the futility in requiring late opt-in plaintiffs to file separately given the foreseeability of a consolidation order pursuant to Fed.R.Civ.P. 42(a), allowing Mr. Hua to join in this lawsuit would serve the best economic interests of the both parties and this Court.

### D. THE FLSA IS REMEDIAL STATUTE THAT IS TO BE CONSTRUED LIBERALLY.

The FLSA is a remedial statute that is to be construed liberally. *See Kelly v. Alamo*, 964 F.2d 747, 749-50 (8th Cir. 1992) (defendant was made aware of all possible parties to case and could not claim surprise or prejudice where the plaintiffs opted into the case by filing consents prior to court considering issue of defendant's liability). A "generous reading" of the statute is appropriate when considering issues of time limits and deadlines. *Id.* at 750.

### III. CONCLUSION

For the forgoing reasons, plaintiffs respectfully request leave to file a late consent to join by Peifeng Hua.

    Respectfully submitted,
    TROY LAW, PLLC

    /s/John Troy
    John Troy,
    *Attorneys for Plaintiffs*

Cc: Carolyn Shields, Esq.
    William Yeung, Esq.
    *Attorney for the Defendants*