UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X

JIE ZHANG a/k/a JIMMY ZHANG, RU HAO
LIU a/k/a JASON LIU, XIU QIN LIN, HSIA
SHENG CHENG and CHEIN WEN HSIEH
a/k/a KEVIN HSIEH, on behalf of themselves
and others similarly situated,

**MEMORANDUM AND
ORDER**
14-CV-1647 (JS)(SIL)

Plaintiffs,

-against-

WEN MEI, INC. d/b/a HUNAN DYNASTY,
HUNAN DYNASTY AT LEVITTOWN, INC.
d/b/a HUNAN DYNASTY, FENNY JAPANESE
AND CHINESE RESTAURANT INC. d/b/a
HUNAN DYNASTY, XIANG RONG CHEN
a/k/a KEVIN CHEN, CAI FEN CHEN, and
CINDY CHEN,

Defendants.
-------------------------------------------------------------------X

**LOCKE, Magistrate Judge:**

Plaintiffs Jie Zhang a/k/a Jimmy Zhang[1] ("Zhang"), Ru Hao Liu a/k/a Jason

Liu ("Liu"), Xiu Qin Lin ("Lin"), Hsia Sheng Cheng ("Cheng") and Chein Wen Hsieh

a/k/a Kevin Hsieh ("Hsieh"), on behalf of themselves and others similarly situated

(collectively, "Plaintiffs") commenced this action alleging wage and hour violations of

the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201 *et seq.* ("FLSA")

and the New York Labor Law, N.Y. Lab. Law § 650 *et seq.* ("NYLL") against

Defendants Wen Mei, Inc. d/b/a Hunan Dynasty ("Wen Mei"), Hunan Dynasty at

Levittown, Inc. d/b/a Hunan Dynasty ("Hunan Dynasty"), and Xiang Rong Chen a/k/a

---

[1] On July 20, 2015, Defendants Wen Mei, Hunan Dynasty, Cindy Chen, and Kevin Chen submitted a notice to Court that "they have learned of the recent death of the plaintiff" Zhang. *See* DE [81]. Plaintiffs filed no response and to date no motion for substitution has been filed.

Kevin Chen ("Kevin Chen"). *See* Complaint ("Compl."), Docket Entry ("DE") [1]. On

May 12, 2015, Plaintiffs filed a Second Amended Complaint ("SAC") adding

Defendants Fenny Japanese and Chinese Restaurant Inc. d/b/a Hunan Dynasty

("Fenny"), Cai Fen Chen, and Cindy Chen (collectively, "Defendants"). *See* DE [55].

Subsequently, on October 23, 2015, the action was conditionally certified as a

collective action. *See* Amended Memorandum and Order ("Am. Mem. and Order"),

DE [102]. Presently before the Court are the following motions:

> 1. Plaintiffs' Motion for Leave to File the Third Amended Complaint
> ("TAC") and two supplemental letters filed by Plaintiffs in connection
> with the motion. In their submissions, Plaintiffs seek leave to add two
> corporate defendants, one individual defendant, and a minimum wage
> claim under the FLSA and NYLL. *See* Plaintiffs' Letter Motion to Seek
> Leave of Court to Amend Complaint and Add Defendants ("Motion to
> Amend"), DE [149]; Supplemental Letter Motion to Seek Leave of Court
> to Amend Complaint and Add Defendants ("Supp. Motion to Amend."),
> DE [167]; Cover Letter Regarding Third Amended Complaint ("Second
> Supp. Motion to Amend"), DE [170]. The motion was referred to this
> Court for decision by United States District Judge Joanna Seybert. *See*
> DE [152].

> 2. Plaintiffs' Motion for Leave to File Late Consent to Join regarding
> proposed Plaintiff Peifeng Hua ("Hua"), who seeks consent to join the
> suit after the expiration of the deadline to opt-in. *See* Plaintiffs' Letter
> Motion for Leave to File a Late Consent to Join ("Motion for Late
> Consent to Join"), DE [160]. This motion was also referred to this Court
> for decision by Judge Seybert. *See* DE [163].

> 3. Plaintiffs' Motion to Compel the production of documents by a non-
> party, and Defendants Hunan Dynasty, Wen Mei, Kevin Chen, and
> Cindy Chen's Cross-Motion for Sanctions in connection with Plaintiffs'
> Motion to Compel. *See* Plaintiffs' Letter to Compel Defendants to
> Respond to Plaintiffs Request for Document Production ("Motion to
> Compel"), DE [164]; Defendants' Letter Motion for Sanctions and
> Defendants' Opposition to Plaintiffs' Letter Motion to Compel ("Motion
> to Compel Opp."), DE [165].

4. Plaintiffs' and Defendants Hunan Dynasty, Wen Mei, Kevin Chen, and Cindy Chen's requests for extension of discovery deadlines. *See* Request for Extension of Time to Complete Discovery ("Pl.'s Request for Extension"), DE [166]; Response to Plaintiffs' letter motion for a further extension of time to complete discovery ("Def.'s Request for Extension"), DE [169].

Defendants Hunan Dynasty, Wen Mei, Kevin Chen, and Cindy Chen oppose all motions by Plaintiffs except the motion to extend the discovery schedule. *See* Defendants' Opposition to Plaintiffs' Letter Motion for Leave to File a Third Amended Complaint Adding New Claims and a New Defendant ("Motion to Amend Opp."), DE [150]; Defendants' Opposition to Plaintiffs' Letter Motion for Leave to File a Third Amended Complaint Adding The Individual Defendant Luqi Xie ("Supp. Motion to Amend Opp."), DE [168]; Defendants' Response to Plaintiffs' December 9, 2016 Letter and Attached Proposed Third Amended Complaint ("Second Supp. Motion to Amend Opp."), DE [171]; Defendants' Opposition to Plaintiffs' Letter Motion for Leave to Allow Peifeng Hua to Opt in After the February 15, 2016 Deadline ("Motion for Late Consent to Join Opp."), DE [162]. Defendants Fenny and Cai Fen Chen have filed no opposition to any of the motions, with the exception of joining the other Defendants' initial opposition to Plaintiffs' Motion to Amend.[2] *See* Defendants Fenny Japanese and Chinese Restaurant Inc. and Cai Fen Chen Letter Opposition to Plaintiffs' Letter Motion to Seek Leave of Court to Amend Complaint and Add Defendants, DE [155].

For the reasons set forth herein, the Court grants: (1) Plaintiffs' Motion for Leave to Amend; (2) Plaintiffs' Motion for Late Consent to Join; (3) Plaintiffs' Motion

---

[2] Even though Defendants Fenny and Cai Fen Chen only join in the opposition to the Motion to Amend, for the sake of simplicity and as Fenny and Cai Fen Chen make no arguments to the contrary, the Court refers to the collective "Defendants" throughout this motion.

to Compel; (4) and the parties' request for an extension of discovery deadlines. Defendants' cross-motion for sanctions is denied. The Court has set a **status conference for January 20, 2017** in Courtroom 820 of the Central Islip courthouse, at which time a Third Amended Scheduling Order will be entered.

## I.    BACKGROUND

### A. <u>History of the Case</u>

This action involves alleged wage and overtime violations at restaurant Hunan Dynasty (the "Restaurant") located at 2993 Hempstead Turnpike in Levittown, New York. By way of Complaint filed March 12, 2014, Plaintiffs commenced this action alleging: (1) overtime violations under the FLSA and NYLL; (2) spread of hours violations under the NYLL; and (3) violations of notice requirements pursuant to the NYLL. *See* Compl. Plaintiffs claim that they worked for Defendants as waiters and "non-tipped packers," and that their collective employment spanned the time period from May 2006 through May 2013. *Id.* at ¶¶ 5-15. The original defendants include Hunan Dynasty and Wen Mei, two corporate entities doing business as Hunan Dynasty at the Levittown Restaurant, and Kevin Chen, the "owner, operator, manager, principal and/or agent" of Hunan Dynasty and Wen Mei. *Id.* at ¶¶ 5-6. It appears that, according to Plaintiffs, Hunan Dynasty operated the Restaurant until 2012, at which time Wen Mei was incorporated and overtook operation of the venue. On March 10, 2015, Plaintiffs moved for conditional certification of this matter as a collective action pursuant to the FLSA. *See* Motion to Certify FLSA Collective Action ("Motion to Certify"), DE [24].

While the Motion to Certify was pending, Plaintiffs moved for leave to amend the Complaint to add three additional defendants. *See* Plaintiffs' Letter Motion to Seek Leave of Court to Amend Complaint and Add Defendants ("Motion for Second Amended Complaint"), DE [41]; Plaintiffs' Letter Motion to Seek Leave of Court to Amend Complaint and Add Defendants ("Supp. Motion for Second Amended Complaint"), DE [50]. Specifically, Plaintiffs sought to add individual Cai Fen Chen and corporate entity Fenny, claiming that Hunan Dynasty has an "active on-premises liquor license under the principal 'Cai Fen Chen' and operating premises name as 'Fenny Japanese and Chinese Restaurant, Inc.'" *See* Motion for Second Amended Complaint at 1-2. They also sought to add Cindy Chen, the alleged principal of Wen Mei, arguing that they discovered documents suggesting that "transfers were done to protect Defendants' interest in keeping a restaurant in that location and to avoid any potential lawsuits or liabilities." *See* Supp. Motion for Second Amended Complaint at 1-2. The motion for leave to amend was granted by Judge Seybert and on May 12, 2015, the SAC was filed. *See* DE [54-55].

Following the filing of the SAC, Plaintiffs' Motion to Certify was granted. *See* Am. Mem. and Order. In so granting, the Court found that although a minimum wage claim was not plead "as a separate count, the factual allegations in the SAC and the declarations [submitted in connection with the Motion to Certify] 'were sufficient to place Defendants on notice of their claims related to their alleged failure to pay the minimum wage under the FLSA'" in addition to the overtime claims expressly set forth. *Id.* at 5, n.4 (quoting *Alonso v. Uncle Jack's Steakhouse, Inc.*, 648 F. Supp. 2d

484, 487 (S.D.N.Y. 2009)). The Court further approved the Notice of Pendency and Consent to Join Lawsuit ("Notice of Pendency") proposed by Plaintiffs. *Id.* at 12-13. As approved, the Notice of Pendency applies to all current and former employees of Hunan Dynasty, Wen Mei, Fenny, "and/or any other entities affiliated with or controlled by any one or more of the foregoing businesses" and any "restaurant workers" at Hunan Dynasty from March 25, 2012 through the present. *See* Notice of Pendency, DE [97-1]. It also explains that "the lawsuit seeks the payment of overtime wages pursuant to the Fair Labor Standards Act" and that "[y]ou may be owed payment if you worked for HUNAN DYNASTY and were not paid at least the minimum wage for all hours worked . . . [or] if you worked for HUNAN DYNASTY more than forty (40) hours per week and you were not paid overtime . . . ." *Id.* at 1-2. Thirty-four executed consents to join the lawsuit have been filed. *See* DE [106-121, 125-129, 134-146].

### B. Current Motions

On March 31, 2016, Plaintiffs moved for leave to amend the SAC. *See* Motion to Amend. Claiming that "[d]uring the intake . . . Plaintiffs' counsel discovered that many opt-in deliverymen and waiters are paid less than the full minimum wage," Plaintiffs seek to add formal minimum wage causes of action under both the FLSA and NYLL. *See id.* at 2. Further, they seek to add three new defendants: (1) Chen's, a restaurant located at 2292 Hempstead Turnpike, East Meadow, NY 11554, and an alleged "joint employer and a subsequent employer" of Fenny; (2) Andy Chen, alleged "owner, operator, manager, principal and/or agent" of Chen's and son of Kevin Chen;

and (3) Luqi Xie, "owner, operator, manager, principal and/or agent" of Fenny and

Chen's, and girlfriend of Andy Chen. *Id.* at 2-3; Proposed Third Amended Complaint

("TAC"), DE [170-1], ¶¶ 32-33. The TAC outlines the following relationships between

the corporate entities:

| ENTITY | ADDRESS | RELEVANT YEARS | THEORY OF LIABILITY |
|---|---|---|---|
| Hunan Dynasty | 2993 Hempstead Turnpike, Levittown, NY 11756 | Operated restaurant 10/1/03-8/15/12 | Employer |
| Wen Mei | 2993 Hempstead Turnpike, Levittown, NY 11756 | Incorporated 3/6/12 | Successor employer |
| Fenny | 2993 Hempstead Turnpike, Levittown, NY 11756 | Incorporated 5/30/14 | Successor employer; Joint employer with Chen's |
| Chen's | 2292 Hempstead Turnpike, East Meadow, NY 11554 | Incorporated 12/13/13 | Successor employer; Joint employer with Fenny |

The TAC further alleges that Kevin Chen controls the business, either individually

or by sharing common control with the other individual Defendants, whose

relationships are set out as follows:

| NAME | CORPORATE AFFILIATION | PERSONAL RELATIONSHIP |
|---|---|---|
| Kevin Chen | Owner/operator/manager/principal/agent of "Defendant Corporations" | Husband of Cai Fen Chen; Brother of Cindy Chen; Father of Andy Chen |
| Cai Fen Chen | Owner/operator/manager/principal/agent of Fenny | Wife of Kevin Chen |
| Cindy Chen | President/cashier/manager/principal/agent of Wen Mei | Sister of Kevin Chen |
| Luqi Xie | Owner/operator/manager/principal/agent of Fenny and Chen's | Girlfriend of Andy Chen |

| Andy Chen | CEO/owner/operator/manager/principal/agent of Chen's | Son of Kevin Chen |

Defendants oppose the Motion to Amend in its entirety. *See* Motion to Amend Opp.

Following the Motion to Amend, Plaintiffs filed several other motions. On September 23, 2016, they moved for leave to file a late consent to join the collective action. *See* Motion for Late Consent to Join. Specifically, Plaintiffs seek leave to file a consent to join for prospective plaintiff Hua, who was a busboy for Defendants in 2013 and "came to the office to sign the consent to join[] form" after the expiration of the opt-in period. *See id.* at 1. By their opposition, Defendants submit the declaration of Cai Fen Chen, who asserts that Hua was never an employee of Wen Mei. *See* Declaration of Cai Fen Chen ("Cai Fen Chen Decl."), DE [162].

Plaintiffs also move to compel the production of documents by non-party Xue Hua Xu ("Xu").[3] They claim that Xu failed to produce responsive documents despite being served with a subpoena requesting the production of documents at his deposition on September 29, 2016. *See* Motion to Compel at 2. Defendants challenge this motion, claiming that counsel was not provided sufficient notice of the subpoena in violation of Federal Rule of Civil Procedure ("Fed. R. Civ. P.") 45(a)(4), and that the deposition of Xu occurred without notice to or presence of defense counsel in violation of Fed. R. Civ. P. 30. *See* Motion to Compel Opp. Due to these violations, Defendants cross-move for sanctions including attorneys' fees and preclusion of the

---

[3] These documents concern the relationship between Fenny and Shanghai Gourmet Food, Inc. ("Shanghai Gourmet"), which is not a Defendant.

testimony procured at the deposition. *Id.* at 3. No opposition to the cross-motion for sanctions was filed.

Finally, in light of the pending motions, both parties move for an extension of discovery deadlines. Plaintiffs seek a 90 day extension, and Defendants request up to 120 days. *See* Pl.'s Request for Extension; Def.'s Request for Extension.

The Court addresses each motion below.

## II. MOTION FOR LEAVE TO AMEND

### A. <u>Legal Standard</u>

Motions for leave to amend pleadings are governed by Fed. R. Civ. P. 15, which provides that "[t]he court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2); *see also Amaya v. Roadhouse Brick Oven Pizza, Inc.*, 285 F.R.D. 251, 253 (E.D.N.Y. 2012) ("A court should freely give leave [to amend] when justice so requires and such leave is in the court's discretion.") (internal quotation marks omitted). Courts interpret Fed. R. Civ. P. 15 liberally. *See Assam v. Deer Park Spring Water, Inc.*, 163 F.R.D. 400, 404 (E.D.N.Y. 1995) ("Federal Rule of Civil Procedure 15(a) dictates that motions to amend complaints be liberally granted absent a good reason to the contrary . . . ."). Motions to add parties are governed by Fed. R. Civ. P. 21, which states that, "[o]n motion or on its own, the court may at any time, on just terms, add or drop a party." Fed. R. Civ. P. 21; *see also Rosas v. Alice's Tea Cup, LLC*, 127 F. Supp. 3d 4, 13 (S.D.N.Y. 2015) (citing standard under Rule 21). Rule 21 motions are afforded the "same standard of liberality afforded to motions to amend pleadings under Rule 15." *Addison v. Reitman Blacktop, Inc.*, 283

F.R.D. 74, 79 (E.D.N.Y. 2011). Indeed, "[t]here is . . . little practical difference between Rule 15 and Rule 21 since they both leave the decision whether to permit or deny an amendment to the district court's discretion." *See Amaya*, 285 F.R.D. at 253.

Leave to amend a complaint should only be denied "if there is delay, bad faith, futility, or prejudice to the non-moving party." *Hosking v. New World Mortg., Inc.*, 602 F. Supp. 2d 441, 445 (E.D.N.Y. 2009) (citing *Foman v. Davis*, 371 U.S. 178, 182, 83 S. Ct. 227, 230 (1962)); *see also Copantitla v. Fiskardo Estiatorio, Inc.*, No. 09 CIV. 1608, 2010 WL 1327921, at *3 (S.D.N.Y. Apr. 5, 2010) (applying the same four factors in deciding whether to permit joinder). The party opposing a motion to amend bears the burden of establishing that the amendment should be denied. *See Joinnides v. Floral Park–Bellerose Union Sch. Dist.*, No. 12-CV-5682, 2015 WL 1476422, at *9 (E.D.N.Y. Mar. 31, 2015) ("With respect to the Rule 15(a) factors, '[t]he party opposing the motion for leave to amend has the burden of establishing that an amendment would be prejudicial or futile.'") (quoting *Cummings–Fowler v. Suffolk Cty. Cmty. Coll.*, 282 F.R.D. 292, 296 (E.D.N.Y. 2012)). Here, Defendants oppose the proposed amendments on the grounds of futility and prejudice.

### B. <u>Futility</u>

An amendment is futile if "the proposed claim could not withstand a Fed. R. Civ. P 12(b)(6) motion to dismiss." *Salazar v. Browne Realty Assocs., L.L.C.*, 796 F. Supp. 2d 378, 383 (E.D.N.Y. 2011). Therefore, a proposed amended complaint must "contain enough allegations of fact to state a claim for relief that is 'plausible on its face.'" *Mendez v. U.S. Nonwovens Corp.*, 2 F. Supp. 3d 442, 451 (E.D.N.Y. 2014)

(quoting *Bell Atl. Corp. v. Twombley*, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974 (2007)).

When a party opposes a motion to amend on futility grounds, "the moving party must merely show that it has at least colorable grounds for relief." *Copantitla v. Fiskardo Estiatorio, Inc.*, No. 09 Civ. 1608, 2010 WL 1327921, at *3 (S.D.N.Y. Apr. 5, 2010) (internal quotation marks omitted). On a motion to amend, "the Court is required to accept the material facts alleged in the amended complaint as true and draw reasonable inferences in the plaintiff's favor." *Mendez*, 2 F. Supp. 3d at 451 (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79, 129 S. Ct. 1937, 1949 (2009)). Here, Defendants' futility arguments include that: (1) Plaintiffs lack standing to assert claims against Chen's and Andy Chen because their employment ended before Chen's came into existence; (2) Xie is not an individual employer under the FLSA; (3) the minimum wage claims are barred due to a lack of standing; (4) the minimum wage claims are untimely; and (5) employment records prove that the Wen Mei did, in fact, pay the minimum wage. Motion to Amend Opp. at 2-3; Supp. Motion to Amend Opp. at 1-2; Second Supp. Motion to Amend at 2. The Court addresses each argument in turn.

### 1. Additional Defendants

#### i. *Successor Liability:* Chen's

Defendants assert that the named Plaintiffs do not have standing to assert claims against Chen's because their "employment ceased before Chen's (and Fenny) came into existence . . . ." Motion to Amend Opp. at 2. Although this is true, *see* TAC ¶ 45 (last date of employment of a named Plaintiff May 5, 2013); ¶ 23 (Chen's began

using employees on September 29, 2014), Plaintiffs contend that Chen's is liable as a successor of the previous chain of employers: Fenny, Wen Mei, and Hunan Dynasty. *See* Motion to Amend at 2; TAC ¶ 24. For the reasons set forth below, the Court finds that Plaintiffs sufficiently plead that Chen's is liable under the theory of successor liability, and, as such, grants the Motion to Amend for leave to add Chen's.

Although a company is not typically liable for the actions of its predecessor, Courts in this Circuit "have employed two tests to determine if liability should be imposed on a successor . . . ." *Chen v. DG&S NY, Inc.*, No. 14CV03435, 2016 WL 5678543, at *4 (E.D.N.Y. Sept. 29, 2016). Under the traditional test, successor liability "will attach where: (1) a successor expressly or impliedly assumed the predecessor's liabilities; (2) there was a consolidation or 'de facto merger' of predecessor and successor; (3) the successor corporation was a mere continuation of its predecessor; or (4) the transaction between successor and predecessor was entered into fraudulently to escape obligations." *Id.* (citing *N.Y. v. Nat'l Serv. Indus., Inc.*, 460 F.3d 201, 209 (2d Cir. 2006)). Under the second test, substantial continuity, courts "focus[] on whether the new company has 'acquired substantial assets of its predecessor and continued, without interruption or substantial change, the predecessor's business operations.'" *Id.* (quoting *Bautista v. Beyond Thai Kitchen, Inc.*, No. 14-cv-4335, 2015 WL 5459737, at *5 (S.D.N.Y. Sept. 17, 2015)).

Here, Plaintiff alleges in the TAC facts concerning successor liability sufficient to pass either test. Plaintiffs claim that in October 2014, Kevin Chen opened a new restaurant for Hunan Dynasty at 2292 Hempstead Turnpike, the current location of

Chen's. TAC ¶ 22. On the day before the opening of the restaurant, Kevin Chen "began assigning" workers from Fenny to work at Chen's, and, throughout their co-existence, the two entities "frequently transport[ed] restaurant goods, materials and equipment" between each other. *Id.* at ¶¶ 23, 25. Further, Plaintiffs claim that when Fenny closed in 2015, all of Chen's employees were "ordered" by Kevin Chen to "transport all remaining restaurant goods, including foodstuffs and equipment" to Chen's, and certain employees were transferred as well. *Id.* at ¶¶ 26-27. At this stage of the litigation, these allegations are sufficient under either test to establish successor liability, as they support the conclusion that Chen's continued the business of Fenny, including utilizing the same workers, and that Chen's acquired the equipment, hence assets, of Fenny. *See, e.g.*, *Alvarez v. 40 Mulberry Rest., Inc.*, No. 11 CIV. 9107, 2012 WL 4639154, at *6 (S.D.N.Y. Oct. 3, 2012) (finding a question of fact as to whether a restaurant is subject to successor liability where it shared the same equipment and personnel of its predecessor).

Because Plaintiffs sufficiently allege successor liability, the fact that the named Plaintiffs did not work for Fenny is of no consequence. In the TAC, Plaintiffs assert that Fenny is liable as a successor employer of Wen Mei and Hunan Dynasty, claiming that after the commencement of this action, Defendants transferred all interest in the Restaurant from Wen Mei to Fenny. *See* TAC ¶ 10. Thereafter, Fenny operated the restaurant at the Levittown location, shared the same employees, and perpetuated the same working conditions of Wen Mei. *Id.* at ¶¶ 11, 13, 20-21. *See Chen*, 2016 WL 5678543, at *5 (finding a question of fact as to successor liability

where the alleged predecessor and successor shared the same location, utilized the same employees, offered the same food, and had the same manager). Accordingly, that no named Plaintiff worked at Fenny or Chen's does not defeat the Motion to Amend, as the Plaintiffs successfully plead potential successor liability.

## ii. *Individual Liability*: Andy Chen and Xie

Defendants also oppose the addition of individual Defendants Andy Chen and Xie. Notably, they assert that the TAC fails to adequately allege individual liability under the FLSA. *See* Supp. Motion to Amend Opp. The Court disagrees.

To determine whether an individual qualifies as an "employer" under the FLSA, the Second Circuit applies the economic realities test, which focuses on four factors—"whether the alleged employer (1) had the power to hire and fire the employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employment records." *Irizarry v. Catsimatidis*, 722 F.3d 99, 104-105 (2d Cir. 2013); *see also Schear v. Food Scope Am., Inc.*, 297 F.R.D. 114, 134 (S.D.N.Y. 2014) (citing the same four factors). This test "applies equally to the FLSA and NYLL . . . ." *Chen*, 2016 WL 5678543, at *3. Further, no one factor is dispositive. *Irizarry*, 722 F.3d at 105; *see also Ramirez v. Riverbay Corp.*, 35 F. Supp. 3d 513, 521 (S.D.N.Y. 2014), *appeal withdrawn* (Dec. 8, 2014), *appeal withdrawn* (Dec. 9, 2014) ("This set of factors is intended to be "nonexclusive and overlapping . . . .") (internal quotation marks omitted). Rather, the analysis depends on whether the defendant had "operational control" over employees, which requires that "the relationship between the

individual's operational function and the plaintiffs' employment must be closer in degree than simple but—for causation." *Irizarry*, 722 F.3d at 110.

The Court finds that the Third Amended Complaint sufficiently establishes individual liability of both Andy Chen and Xie. Regarding Andy Chen, Plaintiffs allege that he is the "CEO, owner, operator, manager, principal and/or agent of" Chen's, and that he controls "the restaurant's day-to-day operations . . . ." TAC ¶ 34. They further claim that he transferred materials between Chen's and Fenny. *Id.* at ¶ 25. As to Xie, there are similar allegations, including that she "serves as owner, operator, manager, principal, and/or agent" of Fenny and Chen's, and exercises control over the day-to-day affairs of the Restaurant. *Id.* at ¶¶ 32-33. These statements are sufficient to establish that Andy Chen and Xie are employers under the FLSA and NYLL, as they served as managers over the day-to-day affairs of the restaurants.

Defendants argue in opposition that Xie testified at her deposition that she was only an "investor," and that she did not employ anyone at Fenny, set wages, or maintain payroll records. *See* Supp. Motion to Amend Opp. at 2. Although such testimony, if true, may defeat a finding that Xie is an employer under the FLSA or NYLL at summary judgment or at trial, Plaintiffs are entitled to offer evidence to prove their claim. *See A.V.E.L.A., Inc. v. Estate of Monroe*, 34 F. Supp. 3d 311, 319 (S.D.N.Y. 2014) ("[T]he proper inquiry 'is not whether a [moving party] will ultimately prevail but whether [that party] is entitled to offer evidence to support the claims.'") (quoting *Todd v. Exxon Corp.,* 275 F.3d 191, 198 (2d Cir.2001) (alterations in

original)).  Accordingly, the Court grants Plaintiffs' motion for leave to file an amended complaint to add Defendants Chen's, Andy Chen, and Xie.

### 2. Minimum Wage Claim

Plaintiffs also seek leave to add minimum wage claims pursuant to the FLSA and NYLL "for those Plaintiffs who were not paid at least the hourly minimum wage for all hours worked."  *See* Motion to Amend at 1.  By way of opposition, Defendants argue that such amendment is futile as the named Plaintiffs lack standing to assert this claim, and, in any event, they are time barred.  *See* Mtn. to Amend Opp. at 2.  Further, they argue that the "proposed addition of a claim for alleged failure to pay minimum wage flies in the face of payroll records produced by Defendants and filed with this Court, showing that Defendants paid the minimum wage . . . ."  Second Supp. Motion to Amend at 2.  The Court addresses each argument in turn.

#### i. *Standing*

Defendants first argue that amendment is futile as "the named plaintiffs' employment ceased before Chen's (and Fenny) came into existence," and therefore they lack standing to assert the minimum wage claims as individual claims.  Motion to Amend Opp. at 2.  However, the TAC alleges the minimum wage causes of action against all Defendants, including Hunan Dynasty and Wen Mei, which both indisputably employed the named Plaintiffs.  *See* TAC ¶ 5 (Hunan Dynasty operated from October 1, 2003 through August 15, 2012); ¶¶ 7, 11 (Wen Mei incorporated on March 6, 2012 and presumably operated restaurant until Fenny's incorporation in May 2014); ¶¶ 43-45 (Plaintiff Liu's employment spanned 2006 through 2013); ¶ 46

(Plaintiff Lin's employment spanned 2008 through 2012); ¶ 48 (Plaintiff Cheng's employment spanned 2007 through 2012); ¶ 49 (Plaintiff Hsieh was employed in 2012). As employees of the corporate entities, the named Plaintiffs have standing to assert claims against Hunan Dynasty and Wen Mei. *See, e.g.*, *Lin v. Great Rose Fashion, Inc.*, No. 08-CV-4778, 2009 WL 1544749, at *11 (E.D.N.Y. June 3, 2009) (analyzing whether an employment relationship exists to determine if an employee has standing to sue). Moreover, as set forth above, although the named Plaintiffs did not work for either Fenny or Chen's, they are potentially liable as successors. As such, Defendants' standing argument fails, and cannot defeat the Motion to Amend.

### ii. Statute of Limitations

Next, the Court turns to Defendants' timeliness argument. Although Defendants only assert that the claims are untimely under the FLSA, the Court analyzes the pertinent statute of limitations under both the FLSA and NYLL, and concludes that the minimum wage claim is not barred under either statute.

### 1. FLSA

"[I]n an FLSA collective action, the statute of limitation[s] runs for each plaintiff until he or she affirmatively opts in to the lawsuit." *Chimes v. Peak Sec. Plus, Inc.*, 137 F. Supp. 3d 183, 204 (E.D.N.Y. 2015); *see also Jacobsen v. The Stop & Shop Supermarket Co.*, No. 02 CIV. 5915, 2004 WL 1918795, at *2 (S.D.N.Y. Aug. 27, 2004) ("The parties agree that, under the FLSA, the statute of limitations with respect to an individual's claim is not tolled until he or she files a written consent to join the collective action."). Under the FLSA, the statute of limitations is two years,

and is extended to three years for willful violations. *Davis v. Lenox Hill Hosp.*, No. 03 CIV.3746, 2004 WL 1926086, at *7 (S.D.N.Y. Aug. 31, 2004). Although, "whether this action is governed by a two or three year statute of limitations is an issue of fact," because Defendants rely on the three-year limitation in their opposition, the Court assumes for the purposes of this motion that the longer time period applies. *Id.*; *see also* Motion to Amend Opp. at 2 ("April 1, 2016 is more than 3 years after the latest date of employment by the living plaintiffs, December 31, 2012."). Here, Defendants contend that since no minimum wage claims are formally set forth, and Plaintiffs have not filed consents with respect thereto, they are time barred.

The statute of limitations is tolled on the date on which the consents to join suit were filed. Accordingly, the Court initially turns to the consents filed on March 25, 2015 by the five named Plaintiffs. *See Arena v. Plandome Taxi Inc.*, No. CV 12-1078, 2013 WL 1748451, at *1 (E.D.N.Y. Apr. 23, 2013) ("An FLSA action is deemed commenced on the date of filing only for those named plaintiffs who have simultaneously filed consents to join the action.") (internal quotation marks omitted). Upon review, the Court finds that the consents encompass the minimum wage claim, expressly stating that the named Plaintiffs authorize the prosecution of claims on their behalf to contest the failure of Hunan Dynasty "to pay [them] overtime wages and/or minimum wages as required under state and/or federal law including the Fair Labor Standards Act . . . ." *See* DE [29-33]. Moreover, in this Court's October 23, 2015 Memorandum and Order granting the Motion to Certify, it found that the allegations in the SAC and the declarations sufficiently placed Defendants on notice

of Plaintiffs' minimum wage claims.  *See* Am. Mem. and Order at 5, n.4.  Although the SAC had not yet been filed at the time the named Plaintiffs filed their consents to join, their declarations in connection with the Motion to Certify were on the docket.  *See* DE [26].  As such, the Court deems the consents filed by the named Plaintiffs sufficient to encompass a minimum wage cause of action.

The same is true for the opt-in Plaintiffs.  These Plaintiffs filed their consents based on the Notice of Pendency, the purpose of which is it provide "accurate and timely notice concerning the pend[ing] . . . collective action, so that [an individual receiving the notice] can make an informed decision about whether to participate."  *Delaney v. Geisha NYC, LLC*, 261 F.R.D. 55, 59 (S.D.N.Y. 2009) (citing *Fasanelli v. Heartland Brewery, Inc.*, 516 F. Supp. 2d 317, 323 (S.D.N.Y. 2007)).  Here, the Notice of Pendency includes references to minimum wage claims, stating that Plaintiffs "have brought this action on behalf of all other current and former employees to recover unpaid minimum wages and overtime compensation."  Notice of Pendency at 1.  The second page states that "[y]ou may be owed payment if you worked for HUNAN DYNASTY and were not paid at least the minimum wage for all hours worked."  *Id.* at 2.  It continues that "[i]f you wish to participate in the portion of this lawsuit that seeks payment of improperly withheld minimum wages . . . you must sign and return the enclosed Consent to Joinder form as directed below."  *Id.*  This language in the Notice of Pendency sufficiently provides the potential plaintiffs with enough information concerning the minimum wage claim to support an "informed decision[] about whether to participate."

As the consents by both the named and opt-in Plaintiffs properly gave notice of the minimum wage claims, the Court utilizes the last date of which a consent was filed to calculate the statute of limitations: February 14, 2016. *See* DE [146]. Further, the Memorandum and Order granting the Motion to Certify equitably tolled the statute of limitations period from May 25, 2015 through October 23, 2015, the date of the Order. *See* Am. Mem. and Order at 14. This equitable tolling is for 151 days and therefore the statute of limitations has run on any claim under the FLSA prior to September 16, 2012 (three years plus 151 days). As the last named Plaintiff who complains of minimum wage violations was employed after September 2012, the Court concludes that the minimum wage claim is not time barred. *See* Affidavit of Ru Hao Liu ("Liu Aff."), DE [26-4], ¶¶ 5, 22 (stating that he worked from March 29, 2013 through May 5, 2013 and was paid "well below the minimum hourly wage" and without overtime pay).[4]

## 2. NYLL

Turning to the NYLL, the Court initially focuses on the purported class members, as Plaintiffs allege the NYLL minimum wage cause of action on behalf of themselves and a class pursuant to Fed. R. Civ. P. 23. It is well established that "commencement of a class action suspends the applicable statute of limitations as to all asserted members of the class who would have been parties had the suit been permitted to continue as a class action." *Am. Pipe & Const. Co. v. Utah*, 414 U.S. 538, 554, 94 S. Ct. 756, 766 (1974). However, Plaintiffs have not yet moved to certify the

---

[4] Whether any individual Plaintiff's minimum wage claim is time-barred can be addressed in subsequent motions or at trial on a case-by-case basis.

class under Rule 23. As such, it is premature to rule on whether the minimum wage claims are barred by the statute of limitations for the purported class members. *See In re Gilat Satellite Networks, Ltd.*, No. CV-02-1510, 2005 WL 2277476, at *24 (E.D.N.Y. Sept. 19, 2005) (declining to decide whether an amendment to add class plaintiffs is time barred because the class had not yet been certified as a class action pursuant to Rule 23). Rather, this determination is better reserved for a motion to certify the class, and is not grounds, at this time, to deny the Motion to Amend. *See Sperber Adams Assocs. v. Jem Mgmt. Assocs. Corp.*, No. 90 CIV. 7405, 1992 WL 28444, at *3 (S.D.N.Y. Feb. 7, 1992) (finding that the determination of whether a claim is time barred for purported class members where no class was certified is "premature," "tantamount to an advisory opinion," and better addressed "at the time plaintiffs move for class certification.").

Turning to the named Plaintiffs, these individuals allege that they were employed by Defendants as early as 2006 and through 2013. *See* TAC ¶¶ 41-49. As the statute of limitations under the NYLL is six years, *Cohan v. Columbia Sussex Mgmt., LLC*, No. CV 12-3203, 2013 WL 8367807, at *9 (E.D.N.Y. Sept. 19, 2013), *aff'd*, 2016 WL 1045532 (E.D.N.Y. Mar. 15, 2016), and the Motion to Amend was filed on March 31, 2016, certain periods of employment for the named Plaintiffs are barred unless such claims relate back to the filing of the original Complaint. The relation back doctrine is governed by Rule 15(c), which, relevant here, provides: "[a]n amendment to a pleading relates back to the date of the original pleading when . . . the amendment asserts a claim or defense that arose out of the conduct, transaction,

or occurrence set out—or attempted to be set out—in the original pleading . . . ." Fed. R. Civ. P. 15(c)(2). The "central inquiry" under Rule 15(c)(2) "is whether adequate notice of the matters raised in the amended pleading has been given to the opposing party within the statute of limitations 'by the general fact situation alleged in the original pleading.'" *Stevelman v. Alias Research Inc.*, 174 F.3d 79, 86–87 (2d Cir. 1999) (quoting *Rosenberg v. Martin,* 478 F.2d 520, 526 (2d Cir.1973)).

Applying the relation back doctrine here, the original Complaint, filed on March 12, 2014, clearly placed Defendants on notice of the minimum wage cause of action. For example, Plaintiffs claim that the named Plaintiffs were paid $400 bi-monthly, and worked 55.5-63 hours per week. Compl. ¶¶ 7-15. The hourly wage amounts to, at most, $3.33, below the minimum wage in 2006. *See* N.Y. Lab. Law § 652 (minimum wage beginning January 1, 2006 was $6.75). Further, in alleging a class action, Plaintiffs state that "[a]ll the Class members were subject to the same corporate Defendants, as alleged herein, of failing to pay minimum wage . . . ." Compl. ¶ 22. Accordingly, as Plaintiffs set forth facts to support a minimum wage claim and expressly referenced such cause of action in the original Complaint, the proposed amendment relates back to the filing of the original Complaint. Therefore, any minimum wage claim that occurred after March 12, 2008 is viable. As each named Plaintiff claimed to have worked for Defendants on or after that date, the minimum wage claim is not time barred and therefore amendment is not futile on those grounds.

### iii. Wen Mei's Time Records

Finally, Defendants argue that amendment is futile because Wen Mei's payroll records indicate that all employees were paid the minimum wage. *See* Motion to Amend Opp. at 1. Even if true, this argument fails as a matter of law, as Wen Mei may still be liable as a successor employer of Hunan Dynasty. As set forth above, a corporate entity may be liable for the acts of its predecessor under either the "traditional test" or "substantial continuity test." *See Chen*, 2016 WL 5678543, at *4. Here, Plaintiffs allege that Hunan Dynasty operated the Restaurant until August 15, 2012, the same year Wen Mei was incorporated, and that the two entities shared the "same waiters, deliverymen, and kitchen staff with substantially the same work shifts and pay conditions." *See* TAC ¶¶ 5, 7, 20-21. These claims are sufficient to allege successor liability, because, if true, they tend to establish that Wen Mei was a continuation of Hunan Dynasty, and that it prolonged, without any substantial change, the business operations of its predecessor. Accordingly, whether Wen Mei paid the minimum wage does not defeat a proposed cause of action based on Hunan Dynasty's earlier violations of the FLSA and NYLL. In fact, Defendants offer no evidence that Hunan Dynasty paid the minimum wage, but rather admit that they do not have the payroll records of that entity.[5] *See* Motion to Amend Opp. at 1, n.1.

---

[5] Rather, Defendants argue that since Hunan Dynasty ceased operation in late April 2012 and the consents to join suit were filed March 25, 2015, "all two-year claims and most three-year claims against that defendant are time-barred." Motion to Amend Opp. at 1, n.1. The Court, however, declines to deny the Motion to Amend on the grounds for leave that "most" claims may be time-barred, particularly in light of the liberal standard applicable on a motion to amend. *See Bridgeport Music, Inc. v. Universal Music Grp., Inc.*, 248 F.R.D. 408, 410 (S.D.N.Y. 2008) ("Moreover, the underlying motions are reviewed under the liberal standard applicable under Federal Rule of Procedure 15(a), which encourages permitting amendments of pleadings . . . .").

Accordingly, the Court finds that Plaintiffs' proposed minimum wage claims are not futile.

## C. <u>Prejudice</u>

Turning to prejudice, "courts have recognized that prejudice may well be the most important consideration when deciding a motion to amend." *See Lin v. Toyo Food, Inc.*, No. 12-CV-7392, 2016 WL 4502040, at *2 (S.D.N.Y. Aug. 26, 2016). In considering whether an amendment prejudices a non-moving party, courts analyze "whether the assertion of the new claim or defense would (i) require the opponent to expend significant additional resources to conduct discovery and prepare for trial; (ii) significantly delay the resolution of the dispute; or (iii) prevent the plaintiff from bringing a timely action in another jurisdiction." *See Portelos v. City of N.Y.*, No. 12-CV-3141, 2015 WL 5475494, at *2 (E.D.N.Y. Sept. 15, 2015) (quoting *Monahan v. N.Y.C. Dep't of Corr.,* 214 F.3d 275, 284 (2d Cir.2000)).

Defendants' main prejudice objection is that the Court certified the collective and approved the Notice of Pendency based on overtime violations only, and therefore Plaintiffs' motion is an effort "to expand the conditional certification order through amendment of their complaint without seeking any modification . . . ." Supp. Motion to Amend Opp. at 3. Defendants' argument misses the mark. In granting the Motion to Certify, this Court recognized that, despite not being formally pled, "the factual allegations in the SAC and the declarations" were sufficient to place Defendants on notice of the minimum wage claim, and that "Plaintiffs assert FLSA claims for failure to pay minimum wage and overtime compensation on behalf of themselves and all

similarly situated employees." Am. Mem. and Order at 5. Thus, the Order granting conditional certification was not premised solely on overtime violations. Further, for the reasons expressed above, the Notice of Pendency encompasses the minimum wage causes of action. *See* Section II.B.2. Accordingly, the Order granting the Motion to Certify and the Notice of Pendency need not be modified, diminishing any perceived prejudice to Defendants on that basis.

The same is true for the additional Defendants. Indeed, the Notice of Pendency states that it applies to workers at the Restaurant located at 2993 Hempstead Turnpike, "and/or any other entities affiliated with or controlled by any one or more of the foregoing businesses . . . ." Notice of Pendency at 1. As Plaintiffs expressly allege that Chen's, and thus Andy Chen, is an entity affiliated with Fenny, Wen Mei, and Hunan Dynasty, and controlled by the same individuals, the Notice of Pendency sufficiently places potential Plaintiffs on notice that it applies to other related restaurants, such as Chen's. *See* TAC ¶ 24 (alleging Chen's, Fenny, and Wen Mei are "a single and joint employer"); ¶ 40 (stating that Kevin Chen remains in control of the "business," either alone or with the other individual Defendants).

Defendants further argue that amendment is prejudicial because the minimum wage cause of action is inconsistent with Plaintiffs' previous discovery responses. Specifically, they complain that Plaintiffs stated in an interrogatory response that they are only pursuing overtime compensation and spread of hours pay. *See* Second Supp. Motion to Amend at 2. Defendants' characterization, however, is unfounded. In response to Defendants' interrogatory as to whether Plaintiffs claim

money "for any reason other than overtime hours," Plaintiffs responded that "[d]iscovery is ongoing, and, at this stage, it is impossible to ascertain which facts will substantiate Plaintiff's claims regarding federal and state laws" and that "Plaintiff reserves the right to modify, supplement or amend this response." *See* Plaintiff's First Response to Defendants First Set of Interrogatories, DE [150-1], ¶ 9. Moreover, the lack of discovery on the minimum wage claim and the addition of Defendants is not unduly prejudicial because the Court, as set forth below, grants the parties' request for an extension of discovery deadlines.

For the foregoing reasons, the Court finds that adding the minimum wage claim to the TAC does not prejudice Defendants sufficient to defeat the motion for leave to amend. Accordingly, Plaintiffs' Motion to Amend is granted and Plaintiffs are instructed to serve and file the TAC on the docket on or before **January 3, 2017**.

## III.   MOTION FOR LATE CONSENT TO JOIN

Plaintiffs' second motion is for leave to file a late consent to join. In analyzing whether "to include opt-in plaintiffs whose consent forms are filed after the court-imposed deadline has passed," courts consider the following factors: "(1) whether good cause exists for the late submissions; (2) prejudice to the defendant; (3) how long after the deadline passed the consent forms were filed; (4) judicial economy; and (5) the remedial purposes of the FLSA." *Ruggles v. Wellpoint, Inc.*, 687 F. Supp. 2d 30, 37 (N.D.N.Y. 2009) (internal quotation marks); *see also Velasquez v. Digital Page, Inc.*, No. CV 11-3892, 2014 WL 6751574, at *1 (E.D.N.Y. Dec. 1, 2014) (same four factors).

Here, the Court finds that Plaintiffs have satisfied this standard regarding the late opt-in of prospective Plaintiff Hua, who claims to have endured overtime, minimum wage, and spread of hours violations while he worked as a busboy for defendants. *See* Motion for Late Consent to Join at 1. Initially, Plaintiffs contend that good cause exists as Hua's name was not included on the list of all employees provided to them by Defendants. *See id.* at 2; Ex. 2. Although Defendants assert that he was never an employee of Wen Mei, and thus was not included on the list, this is a question of fact that cannot be decided by the Court in the context of a motion for leave to amend the pleadings. The remaining factors also weigh in favor of granting Plaintiffs' motion. Defendants will not be prejudiced by the late opt-in, as only one Plaintiff is sought to be added and Defendants will be permitted to take discovery relating to his claims. *See Velasquez*, 2014 WL 6751574, at *2 ("The inclusion of this single plaintiff will not overly burden or prejudice the defendants."). Moreover, although seven months have passed since the opt-in deadline of February 15, 2016, this delay is not prejudicial as a trial date has not been set and the parties have not moved for summary judgment. Judicial economy is also furthered, as Plaintiffs correctly point out that, if not added to this action, Hua "would still be able to file separate claims for relief against Defendant . . . ." *See* Motion for Late Consent to Join at 2. Finally, allowing Hua's late consent to join where he claims to have had no notice of the suit furthers the remedial purposes of the FLSA, which is "to prevent abuses by unscrupulous employers, and remedy the disparate bargaining power between employers and employees." *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d

199, 207 (2d Cir. 2015), *cert. denied,* 136 S. Ct. 824 (2016); *see also A.H. Phillips, Inc. v. Walling*, 324 U.S. 490, 493, 65 S. Ct. 807, 808 (1945) (stating the purpose of the FLSA is to ensure "all our able-bodied working men and women a fair day's pay for a fair day's work.") (internal quotation marks omitted).  Accordingly, Plaintiffs' Motion for Late Consent to Join is granted.  The Consent to Join Lawsuit signed by Plaintiff Peifeng Hua, and attached to Plaintiffs' Motion for Late Consent to Join, DE [160-1], is deemed filed.

## IV. MOTION TO COMPEL AND DEFENDANTS' CROSS-MOTION FOR SANCTIONS

Plaintiffs also seek a Court Order compelling non-party Xu to produce documents previously subpoenaed in connection with his deposition.  *See* Motion to Compel.  Defendants challenge the subpoena as "void and unenforceable" because Plaintiffs failed to provide Defendants with proper notice of the subpoena in violation of Rule 45(a)(4).  *See* Motion to Compel Opp. at 1-2.  They further seek sanctions, claiming that they were never provided proper notice of Xu's deposition, and therefore "plaintiffs took the deposition of the nonparty on September 29, 2016—without the presence of either of the defense attorneys because they had no notice of it."  *Id.* at 2.  Due to this purported violation, Defendants seek:  (1) an order precluding Plaintiffs and their attorneys, witnesses, agents, and experts from offering into evidence any deposition testimony of the non-party as taken on September 29, 2016; (2) an order requiring Plaintiffs turn over or destroy all copies of the transcript "and certify that they have done so;" and (3) attorneys' fees incurred by Defendants by way of their opposition to the Motion to Compel and cross-motion for sanctions.  *Id.*

An attorney "may issue a subpoena on behalf of a court in which the attorney is authorized to practice, or for a court in a district in which a document production is compelled by the subpoena." *Beruashvili v. Hobart Corp.*, No. CV 2005-1646, 2006 WL 2289199, at *1 (E.D.N.Y. Aug. 8, 2006) (citing Fed. R. Civ. P. 45(a)(3)); *see also Beare v. Millington*, No. 07-CV-3391, 2010 WL 234771, at *3 (E.D.N.Y. Jan. 13, 2010) ("Rule 45 of the Federal Rules of Civil Procedure provides that an attorney, as an officer of the court, may issue a subpoena on behalf of a court in which the attorney is authorized to practice, or for a court in a district in which a document production is compelled by the subpoena."). "Absent an improperly issued subpoena or an 'adequate excuse' by the non-party, failure to comply with a subpoena made under Rule 45 may be deemed a contempt of the court from which the subpoena issued." *Beruashvili*, 2006 WL 2289199, at *1. Further, "[i]n the absence of a claim of privilege a party usually does not have standing to object to a subpoena directed to a non-party witness," *Langford v. Chrysler Motors Corp.*, 513 F.2d 1121, 1126 (2d Cir. 1975), unless the party challenges that it "has a sufficient privacy interest in the confidentiality of the records sought." *Dunkin' Donuts Franchised Restaurants LLC v. Grand Cent. Donuts, Inc.*, No. CV2007-4027, 2009 WL 973363, at *1 (E.D.N.Y. Apr. 9, 2009).

Rule 45(a)(4) requires that notice be served on all parties prior to service of the subpoena on the non-party. *See* Fed. R. Civ. P. 45(a)(4) ("If the subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, then *before* it is served on the person to whom

it is directed, a notice and a copy of the subpoena must be served on each party.")
(emphasis added). Courts have interpreted the notice provision to require "that
notice be given prior to the issuance of the subpoena, not prior to its return date."
*Murphy v. Bd. of Educ. of Rochester City Sch. Dist.*, 196 F.R.D. 220, 222 (W.D.N.Y.
2000) (internal quotation marks omitted). According to some courts, the "failure to
abide by this requirement constitutes grounds to quash a subpoena." *Mirra v.
Jordan*, No. 13 CIV. 5519, 2014 WL 2511020, at *3 (S.D.N.Y. May 28, 2014); *see also
Schweizer v. Mulvehill*, 93 F. Supp. 2d 376, 411 (S.D.N.Y. 2000) ("A party issuing a
subpoena to a non-party for the production of documents during discovery must
provide prior notice to all parties to the litigation."). Other courts have gone so far as
to "hold that notice provided on the same day that the subpoenas have been served
constitutes inadequate notice under Rule 45." *Usov v. Lazar*, No. 13 CIV. 818, 2014
WL 4354691, at *15 (S.D.N.Y. Sept. 2, 2014). However, "[t]he majority approach . . .
requires that the aggrieved party demonstrate some form of prejudice resulting from
the failure to provide advance notice." *Kingsway Fin. Servs., Inc. v. Pricewaterhouse-
Coopers LLP*, No. 03 CIV. 5560, 2008 WL 4452134, at *3 (S.D.N.Y. Oct. 2, 2008); *see
also Zinter Handling, Inc. v. Gen. Elec. Co.*, No. 04CV500, 2006 WL 3359317, at *2
(N.D.N.Y. Nov. 16, 2006) ("However, such untimely notice under Rule 45(b)(1) does
not automatically trigger quashing a subpoena without a consideration of prejudice
to the aggrieved party.").

Applying the standards above, Plaintiffs' motion to compel is granted. It is
undisputed that the subpoena is dated the same day that it was served on the other

parties. When the witness appeared for his deposition without the subpoenaed documents, he violated the subpoena's terms. *See* Motion to Compel Opp. at Ex. 1 ("Email and Subpoena"), DE [165-1]. Further, Defendants do not claim that they objected to the subpoena prior to the return date and they fail to demonstrate any resulting prejudice based on inadequate notice. *See Zinter Handling, Inc.*, 2006 WL 3359317, at *2 ("Among other purposes, the requirement of notice prior to service allows opposing parties the opportunities to object before service and to move to quash if necessary."); *Schweizer*, 93 F. Supp. 2d at 411 (the purpose of the notice provision "is to afford the other parties an opportunity to object to the production or inspection, or to serve a demand for additional documents or things."). Accordingly, the Court grants Plaintiffs' Motion. *See Allison v. Clos-ette Too, L.L.C.*, No. 14 CIV. 1618, 2015 WL 136102, at *7 (S.D.N.Y. Jan. 9, 2015) ("Because the plaintiff has not been prejudiced by the late notice, I decline to quash the subpoenas on Rule 45 grounds . . . ."); *Seewald v. IIS Intelligent Info. Sys., Ltd.*, No. 93 CV 4252, 1996 WL 612497, at *5 (E.D.N.Y. Oct. 16, 1996) ("Defendants learned of the document request . . . prior to the production of the documents, and thus, were not prejudiced by the lack of notice.").[6]

Having granted the Motion to Compel, the Court turns to Defendants' cross-motion for sanctions in connection with Plaintiffs' purported failure to provide notice

---

[6] The Court is mindful of Plaintiffs' violation of this Court's May 20, 2015 ruling that "[i]n the future all subpoenas will be first served on the serving parties' adversaries in advance of service on the non-parties sufficient to allow for any motion practice to occur." *See* DE [69]. Here, however, as the non-party failed to comply with the subpoena, Defendants were allotted time for this motion practice. Plaintiffs are cautioned that further violations of this Court's orders will result in sanctions, including the preclusion of evidence.

of Xu's deposition to Defendants. Although a subpoena may be issued pursuant to Rule 45 in order to compel a deponent's attendance, Rule 30 governs the notice requirement affiliated with the deposition. *See* Fed. R. Civ. P. 30(a)(1) ("The deponent's attendance may be compelled by subpoena under Rule 45."). Pursuant to Rule 30(b)(1) "[a] party who wants to depose a person by oral questions must give reasonable written notice to every other party." Fed. R. Civ. P. 30(b)(1). Courts have found that the requisite notice "is fact specific and is determined based on the circumstances and complexities of the particular case." *Porter v. Goord*, No. 04-CV-485A, 2008 WL 489271, at *2 (W.D.N.Y. Feb. 20, 2008); *see also Brockway v. Veterans Admin. Healthcare Sys.*, No. 3:10-CV-719, 2011 WL 1459592, at *3 (D. Conn. Apr. 15, 2011) (quoting *Black's Law Dictionary* (9th ed.2009)) ("'Reasonable' in this context may be defined as '[f]air, proper, or moderate under the circumstances.'"). Outlining the specific requirements, Rule 30 mandates that the notice include "the time and place of the deposition," "the deponent's name and address," and "the method for recording the testimony." *See* Fed. R. Civ. P. 30(b)(1). Further, "[i]f a subpoena duces tecum is to be served on the deponent, the materials designated for production, as set out in the subpoena, must be listed in the notice or in an attachment." *Id*. at 30(b)(2).

Upon review, Defendants were provided with adequate notice of the deposition and therefore the cross-motion for sanctions is denied. On September 14, 2016, Plaintiffs, by their attorney John Troy, emailed defense counsel William Yeung and Carolyn Shields and attached the Subpoena. *See* Email and Subpoena at 1. Defendants' main contention is that the "testimony" box on the subpoena was not

checked, and only the "production" box was selected, and therefore Ms. Shields "believed that the subpoena sought documents only from the nonparty." Motion to Compel Opp. at 2. However, the subpoena is titled "Subpoena To Testify At a Deposition in a Civil Action," and states that the "deposition will be recorded" by a court reporter. Email and Subpoena. Further, the subpoena complies with the requirements of Rule 30(b), which mandates that notice of a deposition include the time and place of the deposition, the deponent's name and address, the method of recording, and "the materials designated for production . . . ." Fed. R. Civ. P. 30(b)(1)-(2). As such, the mere defect of failing to select the "testimony" box, where the subpoena is titled "Subpoena to Testify at a Deposition in a Civil Action," does not defeat a finding that Defendants were provided with sufficient notice, and is not sanctionable conduct by Plaintiffs' attorneys.

Based on the foregoing reasons, the Court grants Plaintiffs' motion to compel the production of documents from non-party Xu, and denies Defendants' cross-motion for sanctions. Plaintiffs are directed to re-serve the subpoena on Xu by **January 3, 2017**, indicating that the documents must be produced no later than **February 3, 2017.**

## V.    MOTION FOR EXTENSION OF TIME TO COMPLETE DISCOVERY

Finally, in light of the pending motions, both parties request an extension of the discovery deadlines. Specifically, Plaintiffs' ask that discovery be extended to February 8, 2017, and Defendants seek an extension of 120 days. *See* Pl.'s Request for Extension; Def.'s Request for Extension. In light of the Court granting leave to

amend, as well as Hua's late consent to join, the Court grants the requests to extend discovery deadlines. A status conference is set for **January 20, 2017** in Courtroom 820 of the Central Islip courthouse, at which time new discovery deadlines will be set and the Court will enter a Third Amended Scheduling Order.

## VI.    CONCLUSION

Based on the foregoing reasons, the Court finds:

1. Plaintiffs' Motion to Amend is **GRANTED.** On or before **January 3, 2017,** Plaintiffs are directed to serve and file the Third Amended Complaint.

2. Plaintiffs' Motion for Late Consent to Join is **GRANTED.** The Consent to Join Lawsuit signed by Plaintiff Peifeng Hua, and attached to Plaintiffs' Motion for Late Consent to Join, DE [160-1], is deemed filed.

3. Plaintiffs' Motion to Compel a Non-Party to Produce Documents is **GRANTED.** Plaintiffs are directed to re-serve the subpoena on Xu by **January 3, 2017**, indicating that the documents must be produced no later than **February 3, 2017.**

4. Defendants' Cross-Motion for Sanctions is **DENIED.**

5. The parties' respective requests for the extension of discovery is **GRANTED.** A status conference is set for **January 20, 2017 in Courtroom 820 of the Central Islip courthouse,** at which time the Court will issue an Amended Scheduling Order.

Dated:     Central Islip, New York          **SO ORDERED**
            December 21, 2016

                                            s/ Steven I. Locke
                                            STEVEN I. LOCKE
                                            United States Magistrate Judge