Carolyn Shields
Ying Liu
Liu & Shields LLP
41-60 Main Street, Suite 208A
Flushing, NY 11355
718-463-1868
Shieldscj524@gmail.com
Attorneys for Defendants
WEN MEI INC., HUNAN
DYNASTY AT LEVITTOWN INC.,
XIANG RONG CHEN,
CINDY CHEN, CHEN'S
CHINESE RESTAURANT, INC.,
and BAIFENG CHEN

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK (CENTRAL ISLIP DIVISION)

| | |
|---|---|
| JIE ZHANG a/k/a Jimmy Zhang; RU HAO LIU a/k/a Jason Liu; XIU QIN LIN; HSIA SHENG CHENG; and CHEIN WEN HSEIH a/k/a Kevin Hsieh; on behalf of themselves and others similarly situated, <br><br> Plaintiffs, <br><br> —against— <br><br> WEN MEI, INC.d/b/a Hunan Dynasty; HUNAN DYNASTY AT LEVITTOWN, INC. d/b/a Hunan Dynasty;FENNY JAPANESE AND CHINESE RESTAURANT,INC.d/b/a Hunan Dynasty;CHEN'S CHINESE RESTAURANT, INC.d/b/a Hunan Dynasty;XIANG RONG CHEN a/k/a Kevin Chen;BAIFENG CHEN a/k/a Andy Chen;CAI FEN CHEN, CINDY CHEN, and LUQI XIE, <br><br> Defendants. | Case 2:14-cv-01647-JS(sil) <br><br> MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFFS' MOTION FOR CLASS CERTIFICATION PURSUANT TO RULE 23 |

## DEFENDANTS' MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFFS' MOTION FOR CLASS CERTIFICATION PURSUANT TO RULE 23

### INTRODUCTION

Wen Mei Inc., Hunan Dynasty at Levittown Inc., Xiang Rong Chen, Cindy Chen, Chen's Chinese Restaurant, Inc., and Baifeng Chen (hereinafter "Defendants") oppose plaintiff's motion for class certification under Rule 23, Fed. R. Civ. P., on the grounds that the requirements for certification are not satisfied.

Such a diffuse and varied group of plaintiffs cannot meet their burden of demonstrating, by a preponderance of the evidence, that their proposed class should be certified. First, plaintiffs cannot establish commonality under Rule 23(a), Fed. R. Civ. P., because they cannot show that all class members—workers at restaurants in Nassau County—have suffered the same injury, or even that all of the restaurant workers in question have been (or will be) subjected to a common employment practice. In *Wal-Mart Stores, Inc. v. Dukes*, 131 S. Ct. 2541 (2011), the Supreme Court emphasized that class certification depends not on the raising of common questions, but rather on whether conducting class-wide litigation will provide common answers. Plaintiffs must explain how answers to the named plaintiffs' questions, whether the workers were systematically underpaid by a common employment policy in violation of various state and federal employment laws, will definitively answer such questions with respect to workers at different restaurants with different ownership, management, employment, and record-keeping practices.

Plaintiffs cannot make this showing because, as the Court recognized in

*Wal-Mart*, where conduct is inherently fact-specific, such as showing that a worker was underpaid at a particular restaurant, there is a huge gap between proving (or even alleging) instances of misconduct and proving (or even alleging) that every member of the class has suffered the same injury.

For these reasons, class certification would not achieve the goals of fairness and efficiency. Instead the general rule—that any claims that the putative class members have against Defendants should be individually litigated—should apply.

## ARGUMENT

## I.  PLAINTIFFS DO NOT SATISFY THE REQUIREMENTS OF RULE 23(a)

Rule 23(a), Fed. R. Civ. P., provides that a class action may exist only if (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class. The numerosity, commonality, typicality and adequate representation requirements of the rule are intended to ensure that the named plaintiffs are appropriate representatives of the class whose claims they wish to litigate. *Wal-Mart Stores, Inc. v. Dukes,* 564 U.S. 338 (2011). For the reasons set forth below, the putative class fails this requirement.

## A.    Plaintiffs Do Not Meet the Requirement of Numerosity.

The numerosity requirement requires examination of the specific facts of each case and imposes no absolute limitations. "[N]umerosity is presumed at a level

of 40 members . . . ." *Consol. Rail Corp. v. Town of Hyde Park*, 47 F.3d 473, 483 (2d Cir 1995). Upon examination of the plaintiffs' cases, one can see that there are a total of 24 members in this case. The numerosity requirement is not met in this case. Twenty-four class members is not too numerous as would make separate trials impracticable. This is especially true considering that separate trials in this case would be more appropriate; plaintiffs and the court would be better served with separate trials against each restaurant group, as the facts for one would have little use in proving claims against the other.

The number of plaintiffs in the proposed class is not so large as to make individual trials, or at least separate trials concerning each restaurant, impracticable. A class action in this case would only serve to prejudice Defendants who would have the facts establishing their defenses confused in the minds of the jury by the different factual scenarios concerning each individual restaurant.

**B.    The Proposed Class Does Not Demonstrate the Requisite Typicality**

"Typicality requires that the claims or defenses of the class representatives be typical of the claims or defenses of the class member. This requirement is satisfied when each class member's claim arises from the same course of events, and each class member makes similar legal arguments to prove the defendant's liability." *Brown v. Kelly*, 609 F.3d 467, 475 (2d Cir. 2010). The representatives in this proposed class consist of four employees, some of whom have never worked for defendants. This creates a difficult situation where some of the defendants in this case do not have any claims against them by the named plaintiffs. The claims of the

named plaintiffs who worked for one of the four restaurants cannot be logically said to be typical of those that worked at the other restaurants, these claims would require completely different proof in order to establish them. Further, because the plaintiffs worked at completely different establishments, they defenses to these claims would have no relation to one another.

## C.    The Proposed Class Does Not Demonstrate The Requisite Commonality.

Rule 23(a)(2) requires plaintiffs to show that "there are questions of law or fact common to the class." In *Wal-Mart*, the Supreme Court believed that commonality was the "crux of [the] case." *Wal-Mart*, 564 U.S. at 349. This requires that the proposed class show that they have suffered the "same injury", and not that they merely derive their liability from the same statutory provisions. *Id.* "What matters to class certification is not the raising of common questions, even in droves, but rather the capacity of class-wide proceeding to generate common answers apt to drive resolution of litigation." *Id.* at 350.

The proposed class in this case does not meet this standard. Although this class would indeed raise common questions, such as whether employees at the various restaurants suffered in violation of employment laws, the capacity of the proposed class to answer these common questions with common answers is severely lacking. Even if plaintiffs were able to completely make out their case for one subset of the class working at one of the four restaurants, this would have no bearing on plaintiffs who worked at other restaurants.

In *Wal-Mart* the Supreme Court noted that for a Rule 23 class action to be appropriate, there must be a common issue central to the case and "that determination of its truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke." *Id.* This is simply not present in this case. Any factual questions that could be proved for employees of one of the restaurants would have to be proved again for employees of the other restaurants. Adding to the complexity is that the proposed class also includes those who worked very different jobs, some of which would have different record-keeping practices. Instead of the "one stroke" that the Supreme Court held is required in *Wal-Mart*, any future trial in this case would necessitate at least four (and possibly more) "strokes", with the inevitable effect of excessive confusion for the jury.

## II.  THE PROPOSED CLASS DOES NOT SATISFY THE REQUIREMENTS OF RULE 23(b)(3)

Rule 23(b)(3), Fed. R. Civ. P., requires that for a class action to be maintained, Rule 23(a) must be satisfied and the court must find "that the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." For the reasons set forth below, the putative class fails in this requirement.

### A.    Common Questions of Law or Fact Do Not Predominate Over Individualized Claims

The requirement for predominance of common questions of fact or law over individualized claims does not exist here. The predominant common question in

*Mascol v. E & L Transp., Inc.* 387 F. Supp. 2d 87 (E.D.N.Y. 2005) was whether defendants failed to pay their ambulance drivers overtime as required by New York State Labor Law. The court there found that a single issue was predominant in the matter because each of the proposed class members did essentially the same type of work, for the same employer and during the same relevant time period. This case is different because the proposed class of plaintiffs worked for different restaurants, owned by different corporations at different time periods. Facts which might prove that employees at one restaurant were the victims of violations of the labor laws would have no bearing on employees of the other restaurants.

**B.    Class Action Is Not Superior to Other Available Methods**

The court may only certify a proposed class action if the party seeking certification demonstrates that those issues in the proposed action that are subject to generalized proof outweigh those issues that are subject to individualized proof. *In re Salomon Analyst Metromedia Litigation*, 544 F.3d 474 (2d Cir. 2008). This case essentially involves four separate trials, which will involve finding that these four restaurants violated FLSA provisions in a way that harmed the class. In this case there is no unified ownership or control structure that plaintiffs could prove liability towards, and thus the employees of the two restaurants would be better served with individual trials against them.

This can be most readily seen in plaintiffs' task in proving liability of each defendant. Because the members of the proposed class worked a variety of jobs at four different restaurants, they will have to have to provide individualized proof for

each class of employees at each restaurant. If an employee at one restaurant is able to prove that the management at that restaurant systematically paid him below the minimum wage, or did not pay him for his overtime hours worked, this has no bearing on the same policy at another restaurant. Additionally, different classes of employees at the different restaurants will also require individualized proofs, as for example, systems for recording the hours worked for a delivery driver would be different than that for a waiter. For these reasons, given all the distinct factual burdens that must be met by plaintiffs, class certification in this case would create a trial so unwieldy that it would only lead to confusion of the issues.

## CONCLUSION

For the reasons set forth herein, Defendants respectfully request that the Court deny plaintiffs' motion to certify a class action under Rule 23.

Dated:  April 21, 2017                                    Respectfully submitted,

                                                          _s/ Carolyn Shields_____
                                                          Carolyn Shields
                                                          Ying Liu
                                                          Liu & Shields LLP
                                                          41-60 Main Street, Suite 208A
                                                          Flushing, NY 11355
                                                          718-463-1868
                                                          shieldscj524@gmail.com
                                                          Attorneys for Wen Mei Inc., Hunan
                                                          Dynasty at Levittown Inc., Xiang
                                                          Rong Chen, Cindy Chen, Chen's
                                                          Chinese Restaurant Inc., and Baifeng
                                                          Chen, Defendants