```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
JIE ZHANG a/k/a JIMMY ZHANG, XIU QIN
LIN, RU HAO LIU a/k/a JASON LIU,
HSIA SENG CHENG, and CHIEN WEN HSIEH
a/k/a KEVIN HSIEH, on behalf of
themselves and others similarly situated,

                    Plaintiffs,        MEMORANDUM & ORDER
                                       14-CV-1647(JS)(SIL)
         -against-

WEN MEI INC. d/b/a HUNAN DYNASTY,
HUNAN DYNASTY AT LEVITTOWN, INC.
d/b/a HUNAN DYNASTY, XIANG
RONG CHEN a/k/a KEVIN CHEN,
CAI FEN CHEN, FENNY JAPANESE AND
CHINESE RESTAURANT, INC. d/b/a
HUNAN DYNASTY, CINDY CHEN, LUQI XIE,
BAIFENG CHEN a/k/a ANDY CHEN, and
CHEN'S CHINESE RESTAURANT, INC., as
assignee of Hunan Dynasty,

                    Defendants.
----------------------------------------X
```

APPEARANCES
For Plaintiffs:                 Jonathan Deperio Hernandez, Esq.
                                Kibum Byun, Esq.
                                John Troy, Esq.
                                Troy Law, PLLC
                                41-25 Kissena Boulevard, Suite 119
                                Flushing, NY 11355

For Defendants:
Wen Mei Inc. d/b/a Hunan
Dynasty, Hunan Dynasty
at Levittown, Inc. d/b/a
Hunan Dynasty, Xiang Rong
Chen a/k/a Kevin Chen,
Cindy Chen, Baifeng Chen
a/k/a Andy Chen, and Chen's
Chinese Restaurant, Inc.
as assignee of Hunan Dynasty
                                Carolyn Shields, Esq.
                                Ying Liu, Esq.
                                Liu & Shields LLP

                                        41-60 Main Street, Suite 208A
                                        Flushing, NY 11355

For Defendants Cai Fen
Chen, Fenny Japanese and
Chinese Restaurant Inc.
d/b/a Hunan Dynasty, and
Luqi Xie                                William Yeung, Esq.
                                        Law Office of Yeung & Wang PLLC
                                        39-01 Main Street, Suite 509
                                        Flushing, NY 11354

SEYBERT, District Judge:

Pending before the Court are: (1) Plaintiffs Jie Zhang a/k/a Jimmy Zhang, Xiu Qin Lin, Ru Hao Liu a/k/a Jason Liu, Hsia Sheng Cheng, and Chien Wen Hsieh a/k/a Kevin Hsieh's ("Plaintiffs") motion to certify a class action (Cert. Mot., Docket Entry 198), (2) Defendants Wen Mei Inc. d/b/a Hunan Dynasty, Hunan Dynasty at Levittown, Inc. d/b/a Hunan Dynasty, Xiang Rong Chen a/k/a Kevin Chen, Cindy Chen, Baifeng Chen a/k/a Andy Chen, and Chen's Chinese Restaurant, Inc.'s (the "Moving Defendants") motion to dismiss the Third Amended Complaint pursuant to Federal Rules of Civil Procedure 12(b)(1), 12(b)(6), and 25(a)(1) (Defs.' Mot., Docket Entry 199), and (3) Magistrate Judge Steven I. Locke's Report and Recommendation ("R&R") recommending that this Court grant the motion to dismiss in part and deny it in part and grant the motion to certify as modified. (R&R, Docket Entry 212, at 2-3.) On January 11, 2018, the Moving Defendants filed objections to the R&R, (Defs.' Obj., Docket Entry 213), and Plaintiffs responded to the objections on January 23, 2018, (Pls.' Resp., Docket Entry

214). For the following reasons, the Moving Defendants' objections are OVERRULED, and the Court ADOPTS Judge Locke's R&R in its entirety.

BACKGROUND

I. Factual and Procedural History

Plaintiffs, on behalf of themselves and others similarly situated, commenced this action on March 12, 2014. (Compl., Docket Entry 1.) After several amendments, Plaintiffs filed a Third Amended Complaint ("TAC") on December 22, 2016, alleging claims for unpaid overtime and minimum wages pursuant to the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL"), unpaid spread of hours pay pursuant to NYLL, and violations of NYLL's notice requirements. (TAC, Docket Entry 173, ¶¶ 50-87.) The TAC added claims against Chen's Chinese Restaurant, Inc. ("Chen's"), Baifeng Chen a/k/a Andy Chen ("Andy Chen"), and Luqi Xie. (TAC ¶¶ 17-19, 32-34.) Plaintiffs allege that Hunan Dynasty at Levittown, Inc. d/b/a Hunan Dynasty ("Hunan Dynasty"), Wen Mei, Inc. d/b/a Hunan Dynasty ("Wen Mei"), Fenny Japanese and Chinese Restaurant d/b/a Hunan Dynasty ("Fenny"), and Chen's are "a single and joint employer with a high degree of interrelated and unified operations, . . . common management, centralized control of labor relations, common ownership, common control, common business purpose, and interrelated business goals," controlled by Xiang Rong Chen a/k/a Kevin Chen and "employ substantially the same

waiters, deliverymen, and kitchen staff with substantially the same work shifts and pay conditions." (TAC ¶¶ 21, 24, 29.)

On March 20, 2017, Plaintiffs moved to certify the NYLL claims as a class action pursuant to Federal Rule of Civil Procedure 23 ("Rule 23"). The next day, the Moving Defendants filed a motion to dismiss the TAC. Both motions were referred to Judge Locke for an R&R on whether the motions should be granted. (Referral Order, Docket Entry 210.) On December 28, 2017, Judge Locke issued his R&R.

II. The R&R

A. The Motion to Dismiss

First, Judge Locke addressed whether the TAC should be dismissed based on a lack of subject matter jurisdiction under Rule 12(b)(1) because the TAC failed to sufficiently allege successor liability.[1] (R&R at 19-20.) In a detailed analysis, Judge Locke explained that the allegations in the TAC satisfied the relevant tests for imposing successor liability. (R&R at 20-23.) Specifically, he found that the allegations were sufficient because "they support the conclusion that Chen's continued the business of Fenny, including utilizing the same workers, and that

---

[1] As an initial matter, Judge Locke addressed whether the motion to dismiss was barred by the law of the case doctrine since he rejected identical arguments made by the Moving Defendants in opposition to Plaintiffs' motion for leave to file the TAC. He concluded that it was not barred and proceeded to analyze the merits. (R&R at 17-18.)

4

Chen's acquired the assets . . . of Fenny." (R&R at 21.) Additionally, he found that because Plaintiffs adequately pled successor liability, the fact that "no named Plaintiff worked at Fenny or Chen's does not entitle Defendants to dismissal." (R&R at 22.) In other words, Judge Locke concluded that Plaintiffs had standing to pursue claims against Chen's because Plaintiffs sufficiently alleged claims against Hunan Dynasty, Wen Mei, and Fenny, and Chen's is an alleged successor of those entities.[2] (R&R at 21-23.) As to Andy Chen, Judge Locke found Plaintiffs' allegations to be sufficient to state a claim for individual liability. (R&R at 23-25.) As such, Judge Locke recommended that the Court deny the motion to dismiss on this ground.

<u>Second</u>, Judge Locke discussed the Rule 12(b)(6) branch of the motion dismiss, which sought dismissal on statute of limitations grounds. (R&R at 25.) He found that the claims in the TAC related back to the claims in the Complaint under Federal Rule of Civil Procedure 15(c)(1)(C). (R&R at 25-29.) Moreover, he concluded that the NYLL and FLSA minimum wage claims were timely. (R&R at 29-34.) As a result, he recommended that the Court deny the portion of the motion seeking dismissal under 12(b)(6). (R&R at 34.)

---

[2] Plaintiffs have also alleged that Chen's is a joint employer with Fenny. (R&R at 6 (Table).)

5

Third, he determined that because Plaintiff Jie Zhang a/k/a Jimmy Zhang ("Zhang") had died, and no motion to substitute was filed, Plaintiff Zhang should be terminated as a party to this action under Federal Rule of Civil Procedure 25(a)(1). (R&R at 34-35.)

B. The Class Certification Motion for NYLL Claims

Judge Locke began by considering Plaintiffs' proposed class definition and found that because it constituted a "fail-safe" class, the class definition should be modified as follows: "'All individuals who were employed or are currently employed by Defendants in any tipped or non-tipped non-exempt positions during the six years immediately preceding the initiation of this action up to the date of this decision.'" (R&R at 37.) After reviewing the applicable requirements under Rule 23, Judge Locke recommended that the class be certified pursuant to Rule 23(a) and (b)(3). (R&R at 38-48.) He also recommended that (1) Plaintiffs Liu, Lin, and Hsieh be appointed class representatives (R&R at 43); (2) Troy Law PLLC be appointed class counsel (R&R 49); and (3) Plaintiffs "be granted leave to file a motion for approval of a proposed class notice, which inter alia, addresses the production of employee contact information, scheduling of the publication and distribution of the proposed notice, and a proposed opt-out deadline for putative class members (R&R 50)."

DISCUSSION

I. Legal Standard

"When evaluating the report and recommendation of a magistrate judge, the district court may adopt those portions of the report to which no objections have been made and which are not facially erroneous." Walker v. Vaughan, 216 F. Supp. 2d 290, 291 (S.D.N.Y. 2002) (citation omitted). A party may serve and file specific, written objections to a magistrate judge's report and recommendation within fourteen days of being served with the recommended disposition. See FED. R. CIV. P. 72(b)(2). Upon receiving any timely objections to the magistrate judge's recommendation, the district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C); see also FED. R. CIV. P. 72(b)(3). A party that objects to a report and recommendation must point out the specific portions of the report and recommendation to which they are objecting. See Barratt v. Joie, No. 96-CV-0324, 2002 WL 335014, at *1 (S.D.N.Y. Mar. 4, 2002).

When a party raises an objection to a magistrate judge's report, the Court must conduct a de novo review of any contested sections of the report. See Pizarro v. Bartlett, 776 F. Supp. 815, 817 (S.D.N.Y. 1991). However, where a party "makes only conclusory or general objections, or simply reiterates his original arguments, the Court reviews the Report and

Recommendation only for clear error." Walker, 216 F. Supp. 2d at 291 (internal quotation marks and citation omitted).

II. The Moving Defendants' Objections

A. Subject Matter Jurisdiction

The Moving Defendants object to Judge Locke's standing analysis. (See Defs.' Obj. at 2.) Specifically, they contend that the R&R "analyze[d] whether the Third Amended Complaint states a claim for successor liability before determining the jurisdictional issue" and failed to consider whether there is at least one Plaintiff that can assert a claim against each Defendant. (Defs.' Obj. at 2.) Moreover, they maintain that "[d]eciding that the TAC states a claim for successor liability . . . before deciding the Article III jurisdictional issue bootstraps [P]laintiff[s'] FLSA claims onto the successor liability claims." (Defs.' Obj. at 2.) Finally, the Moving Defendants argue that Judge Locke should have determined the standing issue before analyzing the merits of the claims under Rule 12(b)(6). (Defs.' Obj. at 2-3.)

Plaintiffs respond that Judge Locke did analyze subject matter jurisdiction and determined that the allegations of successor liability were sufficient to confer standing. (Pls.' Resp. at 1-3.) Additionally, they point out that the Moving Defendants fail to explain why standing is lacking. (Pls.' Resp. at 3.)

Article III of the Constitution "restricts federal courts to the resolution of cases and controversies." Carter v. HealthPort Techs., LLC, 822 F.3d 47, 56 (2d Cir. 2016) (quoting Davis v. Fed. Election Comm'n, 554 U.S. 724, 732-33, 128 S. Ct. 2759, 2768, 171 L. Ed. 2d 737 (2008)). The standing doctrine is "perhaps the most important of the case-or-controversy doctrines." Gilmore v. Ally Fin. Inc., No. 15-CV-6240, 2017 WL 1476596, at *4 (E.D.N.Y. Apr. 24, 2017) (internal quotation marks and citation omitted). To demonstrate standing, the plaintiff must show that: he "(1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." Spokeo, Inc. v. Robins, --- U.S. ----, 136 S. Ct. 1540, 1547, 194 L. Ed. 2d 635 (2016) (citation omitted).

This objection borders on frivolous. In their motion to dismiss, the Moving Defendants argued that Plaintiffs did not having standing to pursue their claims against the new defendants, including Chen's, for example, because none of the Plaintiffs ever worked for Chen's. (Defs.' Br., Docket Entry 199-1, at 2-3.) In the R&R, Judge Locke analyzed whether Plaintiffs' allegations of successor liability were sufficient to confer standing to assert a claim against Chen's. Specifically, he considered Plaintiffs' allegations that Chen's is a successor to Plaintiffs' employer, Hunan Dynasty, and a joint employer with another successor entity,

9

Fenny. Judge Locke found that the allegations stated a claim for successor liability, and as a result, he recommended denial of the motion to dismiss based on lack of standing. (R&R at 21-23.) Thus, the Moving Defendants' contention that Judge Locke failed to address standing is baseless.

Additionally, the Moving Defendants fail to explain why in their view, Plaintiffs do not have standing to assert their FLSA and NYLL claims. Plaintiffs, who were employed by Hunan Dynasty, allege that Hunan Dynasty and its successor entities--Wen Mei, Fenny, and Chen's--failed to pay minimum wage, overtime, and spread of hours pay, and violated NYLL's notice requirements. (TAC ¶¶ 50-87; see also R&R at 4 (Table), 6 (Table).) They have clearly alleged that they suffered an injury-in-fact--loss of earnings--that can be traced to the Moving Defendants' alleged conduct and could be remedied by a decision of the Court. See Spokeo, --- U.S. ----, 136 S. Ct. at 1547, 194 L. Ed. 2d 635. Notably, Judge Locke addressed a nearly identical standing argument as it related to the minimum wage claims in his decision on Plaintiffs' motion to amend, writing that "[a]s employees of the corporate entities, the named Plaintiffs have standing to assert claims against Hunan Dynasty and Wen Mei . . . . [and] although the named Plaintiffs did not work for either Fenny or Chen's, they are potentially liable as successors. As such, Defendants' standing argument fails." See Zhang v. Wen Mei, Inc.,

No. 14-CV-1647, 2016 WL 7391997, at *7 (E.D.N.Y. Dec. 21, 2016). Not satisfied with that explanation, the Moving Defendants raised the same argument in their motion to dismiss and again in the objections pending before this Court. The argument continues to be meritless.

Therefore, Plaintiffs have satisfied the requirements of Article III standing, and this objection is OVERRULED.

B. Personal Jurisdiction

The Moving Defendants also aver that "personal jurisdiction, similarly a constitutional issue, must be determined before addressing whether there is a single integrated enterprise." (Defs.' Obj. at 4.) Plaintiffs respond that the Moving Defendants did not move to dismiss on this ground and should not be permitted to raise it at this juncture. (Pls.' Resp. at 3.) The Court agrees with Plaintiffs. The Moving Defendants did not raise personal jurisdiction in their motion and have not identified any reason why the Court does not have personal jurisdiction over the Moving Defendants. Thus, this objection is similarly OVERRULED.

CONCLUSION

Having overruled the Moving Defendants' objections to the contested portions of the R&R, the Court has reviewed the remaining portions of the R&R and finds them to be thorough, well-reasoned, and free of clear error. Therefore, Judge Locke's R&R

(Docket Entry 212) is ADOPTED in its entirety.  The motion to dismiss (Docket Entry 199) is GRANTED IN PART and DENIED IN PART. Specifically, the Clerk of the Court is directed to TERMINATE Jie Zhang a/k/a Jimmy Zhang as a plaintiff in this action.  Plaintiffs' remaining claims will proceed.

Plaintiffs' motion to certify (Docket Entry 198) is GRANTED as to the modified class: All individuals who were employed or are currently employed by Defendants in any tipped or non-tipped non-exempt positions during the six years immediately preceding the initiation of this action up to the date of this decision.  Plaintiffs Liu, Lin, and Hseih are appointed as class representatives, and Troy Law PLLC is appointed as class counsel. Additionally, within thirty (30) days of this date of this Memorandum and Order, Plaintiffs shall file a motion for approval of a proposed class notice addressing the issues set forth in Judge Locke's R&R.

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated:   February  14 , 2018
         Central Islip, New York